Statement of the Case.
NICHOLLS, J.
The plaintiff in this suit, Mrs. Delia Gallagher, now wife of Thomas Henry Kearney, alleges: That she was married to Henry Michael Reed, who died in New Orleans about December 9, 1900; that there was issue to said marriage, a child, Henry William Michael Reed, who was born in said city about August 25, 1900, and who was at the time of the filing of her petition 7 years 1 month old; that shortly after the demise of her first husband she was lawfully married to her present husband, Thomas Henry Kearney, with whom she resides at No. 222 Webster avenue, in this city; that after the demise of her first husband she was obliged to go out to work in order to support and maintain herself, and being thus unable to bestow the proper care and attention on her said child, she at the request of Mrs. Andrew Steel, paternal grandmother of said child, placed him in her care and custody, reserving to herself always the right to regain possession of her said child at any time; that she paid for the board and lodging of said child to said Mrs. Steel until the latter refused longer to accept it; that after she (relatrix) married her present husband she made repeated demands for the possession of her said child on said Mrs. Steel, without avail; that she and her husband were ready and willing, and have the means, to properly support, maintain, and educate her said child; that said child was in need of her care and attention, and his education and religious training need attention.
That said child is now illegally detained by the said Mrs. Steel and her husband, Andrew Steel, who resides in the Fifth district of this city, against his consent and against the consent of relatrix and her husband, and said Mrs. Steel is depriving the said child of its liberty, and depriving relatrix of her legal right to the possession and custody of her said child, and from its present surroundings, which are not suitable and fit for said child.
In view of the premises, and the annexed affidavit being considered, relatrix prays that a writ of habeas corpus may issue, directed to the said Mrs. Andrew Steel and to her *218 husband, Andrew Steel, or others, commanding them, and each of them, to bring and produce the said minor child, Henry William Michael Reed, now in their possession, before this honorable court on such day and hour as this court may appoint, and that after due hearing, the said minor child, Henry William Michael Reed, be at once released and restored to his liberty, and to the care and custody of his mother, relatrix herein; and relatrix prays for general relief, etc.
Writs of habeas corpus were ordered to issue as prayed for. The child was ordered to be produced, and the defendants ordered to show cause on the 30th of September why he should not be released and turned over to the care and custody of his mother.
The defendant filed no pleadings. The ■case was taken up and tried on the day fixed.
The plaintiff and her husband, and also the defendant, testified on the trial. The district judge refused to order the child to be turned over to the care and custody of the mother, and left him with the grandmother. Applicants for the writ have appealed.
The plaintiff testified: That her first husband died in 1900, the year the child was born. She married her present husband, Kearney, in 1904. After her husband died, ■she went out to work, and put the little boy in charge of his grandmother. She did not like to be dependent upon her father. That «he paid for his board “right along” until 1905, when defendant said she did not want any more. That she repeatedly asked defendant for the child. Defendant promised several times to give up the child, but on various pretexts failed and refused to do so. When the •child was left with’ the grandmother, he was •3% years old. She had taken care of him •ever since.
There is no doubt that the grandmother took the child and was kind to it, taking good care of him, and that for several years she furnished him with food and clothing, and paid doctors and others bills on his account. There is no doubt that the grandmother is attached to the child, and the child to the grandmother. Living constantly, as he did, with her, and only seeing his mother occasionally, it is doubtless true that he was happy in his surroundings, and did not care to have them changed, and that from the standpoint of the love of a small child he may even have had, for the time being, a greater affection for his grandmother than for his mother; but the feelings of a child of that age yield readily and quickly under equally pleasant environments. There is nothing which would lead us to suppose that, if placed under the care and custody of the mother, he would not soon be as well satisfied and as happy as if left with his grandmother.
There is not a word of testimony adduced against the mother or her husband; nothing against their present ability to take proper care of the child; nothing to suggest that his associations would be other than they should be. The objections urged by the defendant to surrendering the little boy to its mother are such as naturally spring from the situation' — the taking away from her of a child who had become greatly endeared to her. We readily understand and appreciate her unwillingness to part with him, and sympathize with her distress; but the mother, as well as herself, must be taken to have affection for the child — an affection strong and rarely found wanting. We do not attempt to gauge the relative affection of the two. The love of a mother for her child is generally supposed to be the strongest in the world. We have to throw into this case as a factor the legal rights of the mother. They cannot be ignored or set aside by the simple conviction of the judge that the child was fonder of *220 its grandmother than of his mother, and that he would be happier if left with the former. The judge has unquestionably some discretion in dealing with the custody of children; but that discretion has to be based on more solid and substantial grounds than those on which the district judge acted. The mother did not, by leaving her child with its grandmother, forfeit her right to its care and custody; nor did this imply a promise on her part never to retake him. That fact would by no means exhibit a want of affection for the child. The mother might well, in doing so, have had to sacrifice her feelings for its good, as, for instance, being herself in poverty, she left it with one better able to support its wants. It is suggested in argument that the mother has remarried, and that the child will have to run the risk of coming in contact with an unfeeling stepfather. That, of course, is possible; but we have no reason to suppose that stepfathers are ordinarily unkind to their stepchildren. What the situation will become in this ease is a matter to be tested — not assumed.
We find no basis for the belief on the part of the trial judge that this sudden demand at this late day for the child does not spring from the love the mother bears the child. We are of the opinion that the judgment appealed from is erroneous, and that the foundation on which it is based was not well grounded.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, avoided, and reversed; and it is now ordered that the defendants place at once the minor child, Henry William Michael Reed, in the care and custody of his mother, Delia Gallagher, now the wife of Thomas Henry Kearney, and that a writ issue according to law to that effect.