LAND, Justice.
 

 Plaintiff and defendant are both residents of the city of Shreveport, La. They were married in that city on September 3, 1929, and established their matrimonial domicile there.
 

 The present suit for separation from bed and board was filed May 17, 1935. At that date there were two children, born of the marriage, namely, Kitty Ree Wheeler, age three and one-half years, and Betty Jean Wheeler, age six months.'
 

 Plaintiff seeks a separation in this case on the ground of cruel treatment. He alleges that on May 16, 1935, he was forced to leave his wife because she had repeatedly told him that she no longer held any affection for him; that she did not love him at all; and that she intended to gain her freedom from him whenever she could.
 

 Plaintiff prays for judgment decreeing a separation a mensa et thoro, and for the custody of his minor child Kitty Ree Wheeler, age three and one-half years; but states in his petition that because of Betty Jean Wheeler’s age of six months, petitioner does not ask for the custody of the child. Tr. p. 12.
 

 On June 1, 1935, judgment was rendered in favor of plaintiff, decreeing a separation a mensa et thoro, and granting to him the custody, care, and control of his minor child Kitty Ree Wheeler, of the age of three and one-half years. Tr. p. 14.
 

 On October 23, 1935, defendant filed a rule on petitioner to show cause why she should not be granted the permanent care, custody, and control of both minor children, as well as alimony for herself and minor children, to date from decree of separation, June 1, 1935.
 

 
 *365
 
 On May 20, 1936, judgment was rendered in favor of Mrs. Catherine Elizabeth 'Sledge Wheeler, plaintiff in rule, granting to her the permanent custody of her minor •child Betty Jean Wheeler, but rejecting her demand for custody as to the child Kitty Ree Wheeler, but granting to plaintiff in rule the right to visit the child in the state of Louisiana at any reasonable Lour or hours, but continuing in full force and effect the judgment of June 1, 1935, as to the custody of the child Kitty Ree Wheeler, except as modified therein, and providing that the child Kitty Ree Wheeler shall not be removed permanently from the state of Louisiana; and condemning defendant for all costs of these proceedings.
 

 Since the date of the formal decree of •separation, June 1, 1935, giving the custody of the child Kitty Ree to plaintiff, she has been with plaintiff’s mother, who is a practical nurse, and has reared four children. The welfare of the child is not shown to be in jeopardy. Plaintiff has not been proved to be a person unfit for the ■custody of the child, is able to support it, and testified on the trial of the case that defendant had agreed that he should have the custody of Kitty Ree, and that she •would take the other child. The trial judge -evidently accepted this statement as true.
 

 We do not see any good reason for disturbing the judgment of the lower court.
 

 Judgment affirmed.