*901
 
 On Rehearing.
 

 O’NIELL, Chief Justice.
 

 This is a contest between the father and the maternal grandfather for the custody and care of a girl baby, whose mother is dead. The child is now less than fifteen months old. She was six months old when the case was tried, and was then and is yet in the care of the maternal grandparents, at whose home her mother died. The grandparents refused to surrender the baby to the father; and in his answer to this suit the grandfather avers that the father should not have the care or custody of the child, for the reason that he abandoned the mother a short time before the child was born, and thereafter neglected to support the mother and child, and neglected even to furnish them with medical attention, or with the necessary medicines, during the mother’s last illness; and that the father has no home of his own, and is only permitted by his sister and her husband to reside in their home. After hearing the evidence the judge of the district court gave judgment for the defendant, refusing to give the child into the keeping of her father, on the ground that it would be unsafe for the child’s health to remove her from the care of her grandparents.
 

 On the first hearing of the case we affirmed the judgment, reserving to the father the right to visit the child and to have her visit him whenever he so desired.
 

 In his petition for a rehearing the father asked, first, of course, for a reversal of the judgment, and, in the alternative, he asked to be allowed to set up his claim for the care of the child again hereafter in this suit, so as to avoid court costs.
 

 There is no dispute about the law of the case. The right to the care and custody of a minor child whose mother or father is dead is granted by law to the surviving parent unless it is proved that he or she is disqualified by unfitness or inability to care for the child. State ex rel. Kearney v. Steel, 121 La. 215, 46 So. 215, 16 L.R.A.,N.S., 1004; Ex parte Lincoln, 128 La. 278, 54 So. 818; State ex rel. Sevier v. Sevier, 141 La. 60, 74 So. 630; Heitkamp v. Ragan, 142 La. 81, 76 So. 247; State ex rel. Harper v. Tebault, 147 La. 889, 86 So. 320; State ex rel. Martin v. Talbot, 161 La. 192, 108 So. 411; State ex rel. Monroe v. Ford, 164 La. 149, 113 So. 798; State ex rel. Bethany v. Corley, 172 La. 266, 134 So. 87; State ex rel. Perdue v. Carkuff, 182 La. 920, 162 So. 729; State ex rel. Burleigh v. Savoie, 176 La. 115, 145 So. 285, and Id., 185 La. 985, 171 So. 98.
 

 But the evidence in this case leaves a grave doubt as to whether the father is financially and otherwise prepared to take care of his child, — especially in her infancy. On the other hand, if the father is able to care for the child, and if it would be safe to remove her from the care of the grandparents, it would be unjust to leave her in their car.e long enough for her to become so attached to them that it will grieve both her and them all' the more when the time comes for her to go to her father. The responsibility which the law imposes upon us in such a case is a very grave- responsibility, — particularly in this case,
 
 *903
 
 where, there: is s,o much doubt about the father’s ability to care for the child as safely as the grandparents can care for her. The case is made more difficult by the fact that the grandparents and the child were not represented by counsel in this court, either on the original hearing or on the rehearing. The attorney who represented the grandparents in the district court did not appear- in the supreme court, either to argue, the case or to file a brief. The reason for that was that the attorney employed by the defendant was employed to represent him in the district court only. Hence the attorney is not to be blamed for the fact that the grandparents and the child have not been represented by counsel in the supreme court.
 

 We have concluded to remand this case to the district court for the introduction of more evidence on the question of the father’s ability or inability to care for his child,- and upon the subject of the environment in which the child lives now, with her grandparents. In that connection we instruct the one of the' two judges of the district court who will handle this case to appoint a suitable person — preferably a woman fidd worker for the Department of Public Welfare — to visit the home of the grandparents, and the home of the father of the child, and to report under oath to the court all of the facts found, that may be relevant to the question whether the child shall be left where she is for the time being, or shall be given now into the care of her father. After hearing the report and such additional evidence as may be available, the judge shall render such judgment as the facts will justify.
 

 This case is ordered remanded to the district court for further proceedings consistent with the instructions which we have given,, and for that purpose the judgment appealed from is set aside.
 

 HIGGINS, J., dissents.
 

 FOUR.NET, J., dissents and hands down reasons.