18 So.2d 195

### GERSTNER v. STRINGER.

No. 36920.

April 17, 1944.

Rehearing Denied May 22, 1944.

R. A. Dowling, of New Orleans, for plaintiff and appellant.

Michel Musson, of New Orleans, for appellee.

PONDER, Justice.

The plaintiff, Joseph H. Gerstner, has appealed from a judgment condemning him to pay his divorced wife, Rose Stringer, $50 per month alimony.

On December 10, 1937, the plaintiff was granted a divorce from Rose Stringer, his wife. At that time, he was ordered to pay alimony in the sum of $60 per month for the support of his wife and his minor child.

On September 20, 1941, the minor child having arrived at the age of majority, the plaintiff sought by way of rule to have the alimony reduced to the sum of $30 per month. In answer to the rule, the defendant alleged that the alimony should be increased to the sum of $125 per month because of her ill health and necessitous circumstances.

On hearing, the lower court gave judgment fixing the amount of the alimony at $50 per month, payable on the 1st and 16th of each month. The plaintiff has appealed. The defendant has answered the appeal asking that the alimony be increased to the sum of $108 per month, payable $54 semi-monthly.

The plaintiff is presently employed and receives a salary of $75 per week. He has been receiving a salary in this amount for the past eighteen years. He is in poor health and appears to have a serious form of arthritis. He also has sciatica which requires an operation. He admits that he has received his salary during his illness.

The defendant, Mrs. Rose Stringer Gerstner, has no income. She shares a rented house with her sister and two daugh-

ters. Her sister and each of her two daughters contribute $30 toward the maintenance of the home. The defendant looks after and manages the home. The defendant's monthly expenses amount to approximately $42.75. The defendant has no occupation and appears to be in ill health.

Under the circumstances in this case, we see no reason to disturb the judgment of the trial court.

Both the plaintiff and the defendant are in ill health. It is true that the minor has now reached the age of majority, but considering the income of the husband, his physical condition, the physical condition of Mrs. Stringer as well as the arrangement she has with her sister and daughters in maintaining a home, the amount of alimony fixed by the trial court appears to be reasonable and just to both the plaintiff and defendant.

The trial judge is vested with discretion in fixing the amount of alimony, provided it does not exceed one-third of the husband's income. Article 160, Revised Civil Code. The facts and circumstances peculiar to each case must be considered. We are not warranted in disturbing the findings of the trial judge unless there is manifest error. We see no such error in this cause.

For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.

O'NIELL, C. J., takes no part.

ODOM, J., absent.