PONDER, Justice.
The defendant is appealing from a judgment awarding $80 per month to the plaintiff, his divorced wife, under the provisions of Article 160 of the Civil Code.
In October, 1945, the parties to this suit were divorced by judgment of court; the wife was awarded the custody of the three minor children, issue of the marriage, $187.50 per month for the support of the children and $62.50 per month for her maintenance. On September 20, 1954, the defendant instituted the present proceedings, seeking the custody of the children and to be relieved from paying the plaintiff permanent alimony. A rule was issued, directed to the plaintiff, ordering her tO' show cause why the defendant should not be granted the custody of the children and be relieved from the payment of permanent alimony. On hearing of the rule, the lower court gave judgment granting the defendant the custody of the children and ordered the defendant to pay the plaintiff $80 per month for her maintenance. The defendant has appealed from that part of the judgment awarding the plaintiff $80 per month permanent alimony.
It appears from the record that the plaintiff is receiving an income of between $4,200 and $4,700 per year from her position as professor or instructor at Louisiana State University. She owns a house valued at $11,500 and receives approximately $120 per year from an interest in undivided property. The defendant has an income in excess of $30,000 a year, a home, and three automobiles.
Under the jurisprudence of this state, the alimony or pension provided for *313 in Article 160 of the LSA-Civil Code for a divorced wife is left largely to the discretion of the trial judge. Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321. The test is whether or not the divorced wife is without sufficient means for her maintenance. Smith v. Smith, 217 La. 646, 47 So.2d 32; Stabler v. Stabler, 226 La. 70, 75 So.2d 12. Apparently the trial judge was impressed with plaintiff’s claim that she had incurred indebtedness amounting to between $1,500 and $2,000 for clothing and school tuition for the children while they were in her custody. We have examined the record and find no receipted bills to support this claim. The plaintiff’s and the defendant’s testimony is conflicting and throws no light on the subject. The defendant testified that at various times he had given the plaintiff extra money for the maintenance of the children, which is denied by the plaintiff. It would seem to us that if the amount of alimony awarded for the support of the children was not sufficient that the plaintiff should have applied to the court to have the amount increased. This is the proper procedure when the amount is not sufficient for the support of the children. The plaintiff failed to avail herself of this remedy and only now raises it after the custody of the children has been awarded to the defendant. The plaintiff has failed in this case to show that she is without sufficient means for her maintenance. She is receiving an income in excess of $4,200 per year and owns her own home. While the alimony or pension provided for in Article 160 of the LSA-Civil Code is left to the discretion of the trial judge, the test to be applied is whether or not the divorced wife has sufficient means for her maintenance. Where the record shows that she has sufficient means for her maintenance, the alimony or pension must be denied.
For the reasons assigned, the judgment of the lower court awarding alimony is reversed and set aside and the plaintiff’s demand is rejected at her cost.