AYRES, Judge.
This is an appeal from that portion of a judgment awarding plaintiff permanent alimony under LSA-C.C. Art. 160, after a final divorce based upon a prior decree of separation from bed and board under the provisions of LSA-C.C. Art. 139.
Appellant assigns, as errors, the action of the trial court in holding (1) that ap-pellee had borne the burden of proof in establishing that she was in necessitous circumstances or (2) that she had established, with legal certainty, the amount necessary for her support and maintenance. In any event, it was contended that the award of $200.00 per month was excessive. Accordingly, appellant prayed that the award be set aside in its entirety, or, in the alternative, that it be reduced to a sum not exceeding $100.00 per month.
The first of these assigned errors, we think, is clearly untenable. The record leaves no doubt that plaintiff has no regular income. The evidence as to her income establishes that during the past year she received only $120.00 for her activities in connection with some civic enterprise. Moreover, the record is convincing that, while appellee has had training and experience for a vocation whereby normally she might earn her own living, her state of health does not permit her to pursue such avocation or to earn her own support.
The second of the contentions presented in the assignment likewise involves a factual situation. The amounts of the principal items for the wife’s support were shown as follows:
Payment on mortgage on a home
occupied by the wife and daughter -$ 51.30
Utilities - 30.00
Clothing, one-half allotted to the wife- 15.00
Medical expenses- 25.00
Food .. 50.00
$171.30
Additional expenses concerned the use of a car and the purchase of a cemetery lot. A portion of the automobile expense is attributable to the fact that the daughter is attending Northwestern State College at Natchitoches. It may be pointed out, however, that a separate allowance is provided for the daughter in the amount of $100.00, and that no objection is made to its payment. The mortgage arose from a purchase of the husband’s community interest in the home at a bankruptcy sale after their separation. The payments are moderate in comparison to rent which the appellant would otherwise be obligated to pay.
As for appellant’s ability to pay, the record establishes that he has a monthly income of $886.00, $686.00 of which is shown to be take-home pay. The amount allowed the wife is less than one-third of the husband’s net income.
Art. 160 of the Revised Civil Code grants to the wife who has secured a divorce a pension or gratuity in the event she is without sufficient means for her maintenance. This article further provides that, if the husband has obtained the divorce solely on the ground that he has been living separate and apart for a certain specified period of time and the wife has not been at fault, she may claim this pension which shall, in no case, exceed one-third of the husband’s income. In apply *57 ing this article in cases like this, the wife has the burden of establishing that she was without fault and, also, that she is in necessitous circumstances. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702, 703.
 The trial court is vested with discretion in fixing the amount of alimony, provided it does not exceed one-third of the husband’s income, and his findings are not to be disturbed unless there is manifest error. Gerstner v. Stringer, 205 La. 791, 18 So.2d 195.
We find no such error in this cause.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.