AYRES, Judge.
Defendant complains on this appeal of an award of alimony in any amount for the support and maintenance of his former wife for the reason that she has sufficient means for her own maintenance. In the alternative, he insists that the award of $150 monthly is excessive. Plaintiff, however, complains of the inadequacy of the award and prays, in the answer to the appeal, that the award be increased to $250 per month.
The record discloses that the trial court, on two occasions, gave thorough consideration to the matters herein concerned. Originally, plaintiff was awarded alimony in the sum of $250 per month, but, on a rehearing, the award was reduced to $150.
The record, in our opinion, supports neither of defendant’s contentions. There is no evidence showing plaintiff has an independent income of her own. In fact, it is not even shown that she is employed. At the most, the record establishes that plaintiff, by reason of her education, is capable of earning her own support. However, she has been awarded the care, control, and custody of their minor children and to these her personal attention is no doubt required.
Nor does the record support the contention that plaintiff has independent means of support. All the property in which she is shown to have an interest is her half interest in the community estate formerly existing between her and the defendant. This consists of their former home, furniture and other household goods, a Chevrolet automobile, some office equipment, and other miscellaneous effects. Plaintiff’s interest is alleged by defendant'to be worth $7,000, and for which she has been offered $5,500. A partition of the estate has not been effected. Plaintiff has received no part thereof. She claims that the offer made for the purchase of her interest is grossly inadequate. Nevertheless, she has not received anything from the community estate.
Nor do we find the award excessive. Defendant is a physician with an annual gross income exceeding $21,000 and with a net income in excess of $13,000. He is, therefore, well able to pay the award. The contract or assumption of other conventional and marital obligations in no manner affects defendant’s obligations to this plaintiff, a former wife.
Nor, under the circumstances of this case, has the fact that she has gone to New Orleans to live with her father affected defendant’s obligation to her.
*752 The amount necessary for maintenance is determined by the facts and circumstances of each case and is within the sound discretion of the trial judge. Rabun v. Rabun, 232 La. 1004, 95 So.2d 635; Brown v. Harris, 225 La. 320, 72 So.2d 746; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Smith v. Smith, 217 La. 646, 47 So.2d 32; Fortier v. Gelpi, 195 La. 449, 197 So. 138; Rader v. Rader, La.App. 4th Cir., 1961, 126 So.2d 189.
We not only fail to find any basis for disagreement with the conclusions reached by the learned trial judge but are in complete acco.rd therewith. The award for maintenance in this case is, in our opinion, neither excessive nor inadequate.
It may be pointed out that defendant was condemned to pay, for the support of the two minor children, the sum of $150 per month. To this, he made no objection.
Accordingly, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.