AYRES, Judge.
This appeal was taken by defendant in rule, Mrs. Jacquetta Calvin Wilson, from a judgment in favor of Lester L. Wilson, plaintiff in rule, reducing an alimony award in favor of Mrs. Wilson, for her support and that of their minor child, from $225.00 per month to $75.00' per month. Plaintiff in rule-appellee has made no appearance in this court, by brief or otherwise.
Plaintiff and defendant were formerly husband and wife, of whose marriage a son was born. From the record, it is established that the former husband’s income is only $187.50 per month, $100.00 of which is received by him from the law firm of which he was formerly a member, and $87.50 per month from social security. In addition, it is shown that the minor, son is paid $50.50 per month from social security.
Defendant in rule concedes she did not establish that her former husband has other income or owns property of consequence. The only property of which he appears to be the owner consists of a small amount of household goods situated in his apartment. During the past, extending as far back as 15 years or more, the record discloses *591 plaintiff in rule had an annual earning of approximately $25,000.00, and that he possessed considerable property; that, in 1946, he sold his property for a sum exceeding $100,000.00, and that, for a time thereafter, his income was reduced to approximately $700.00 or $800.00 per month.
The position of the appellant is that the appellee did not sustain the burden of proof necessary to show a change in condition sufficient to warrant a reduction in the amount of alimony previously awarded. In ruling, in effect, that appellee sustained that burden, appellant submits the trial court erred.
For many years plaintiff in rule has taken no active part with his firm in the practice of law. In fact, his health appears to be such that he scarcely ever goes to his office or leaves his apartment. The state of health of defendant in rule is equally pronounced or probably more disabling. She owns no property and has no separate or independent income. While the testimony of plaintiff in rule was not as definite and explicit as it might have been, the record leaves little room for doubt that the poverty of plaintiff in rule is not otherwise than as he pretends. No showing was made to the contrary.
The rule is that, if a wife who has obtained a divorce has not sufficient means for her maintenance, she may be allowed, at the discretion of the court, out of the property and earnings of her former husband, alimony which shall not exceed one-third of his income. LSA-C.C. Art. 160.
This alimony partakes of the nature of a pension and the amount to be awarded is left largely to the discretion of the trial judge. Howell v. Howell, 229 La. 310, 85 So.2d 885; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Matheny v. Matheny, 205 La. 869, 18 So.2d 324.
The two factors to be considered in a determination of an award are: (1) the needs of the wife with respect to her means, and (2) the ability of the husband to pay. Taking into account the limited income of plaintiff jn rule and the fact that $50.50 per month social security is being paid the minor son, we are unable to point out any manifest error or abuse of discretion in the award made by the trial court.
The judgment appealed is, therefore, affirmed at the cost of defendant in rule-appellant.
Affirmed.