AYRES, Judge.
This is an appeal by plaintiff from that portion of a divorce judgment which awarded her $180.00 per month for her support and $150.00 per month for that of their two minor children.' Defendant, in answer to the appeal, prays that plaintiff’s award be reduced to $150.00 per month. The sole issue, therefore, before the court relates to the sufficiency of the award of alimony or support to plaintiff and children.
Plaintiff and defendant were married on November 25, 1951. Of their marriage, two children were born, namely: Richard Daniel Lucas, born on September 1'5, 1952, and George Louis Lucas, born on February 8, 1954. Plaintiff and defendant separated on or about November 22, 1961, which separation was followed and recognized by a decree of separation dated November 29, 1961. In that decree, plaintiff was condemned to pay alimony to his wife and children in the sum of $600.00 per month. Defendant’s gross income at the time was $1,200.00 per month. This award, how> *616 ever, was reduced on November 19, 1962, to $500.00 per month.
Based upon the decree of separation and their continued living- separate and apart, plaintiff was granted a divorce on March 25, 1963. As of that time, defendant had an average net monthly income of $542.84. He is an insurance salesman whose net income varies from month to month. He also has certain expenses in connection with his work which must be met.
The rule is that, if a wife who has obtained a divorce does not have sufficient means for her maintenance, she may be granted, at the discretion of the court, •out of the property and earnings of her former husband, alimony not to exceed one-third of his income. LSA-C.C. Art. 160.
The allowance under this codal provision partakes of the nature of a pension, determinable by the needs of the wife with respect to her means and the ability of the husband to pay. The amount is left largely to the discretion of the trial court. Howell v. Howell, 229 La. 310, 85 So.2d 885; Smith v. Smith, 217 La. 646, 47 So.2d 32; Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Fortier v. Gelpi, 195 La. 449, 197 So. 138.
Plaintiff has no separate nor independent income. However, she lives in the home in which the community estate has an equity and she has the use of the household furniture at no expense to her.
No showing has been made of an abuse of discretion in the trial court’s determination of the alimony payable by defendant. Our own review of the record not only fails to show any such abuse of the said discretion but, to our minds, establishes the wise and proper use of such discretion.
From the amount of defendant’s income, it is obvious that both parties will find it necessary to curtail expenses. A divided household is more expensive to maintain, by reason of duplicated expenses, than one where the parties are living harmoniously together.
Finding no error in the judgment appealed, it is affirmed at plaintiff-appellant’s cost.
Affirmed.