AYRES, Judge.
This appeal by the husband concerns only the quantum of an award of alimony granted the wife in a judgment of divorce. More specifically concerned is the question whether the court abused its discretion in making the award.
The award was in the sum of $100.00 per month. Support in the sum of $125.00 per month for each of two minor daughters was also granted. Plaintiff’s contention is that $250.00 would suffice for the awards and that the reduction could be effected by entirely eliminating the award to the wife.
On a former appeal from a judgment in this cause, awarding alimony and support pendente lite, this court approved an award of $300.00 per month for the wife and children, plus $107.00 per month for the payment of monthly installments on a mortgage encumbering the family residence (188 So.2d 164 [1966]). The husband’s monthly income was at that time shown to be $701.30. The award left him $294.30 per month for his own support.
For a reduction of the award made in the judgment now before this court, plaintiff relies upon an alleged change in their financial affairs. Thus, it is contended .that the wife, now presently employed, no longer needs the husband’s support. The record discloses that from employment at a downtown department store, the wife derives a net income of approximately $45.00 per week. After payment of expenses incidental to her employment, her take-home pay is estimated at $35.00 per week. The husband’s income is slightly in excess of his earnings shown on the former appeal.
In the determination of an award in cases such as this, a statutory rule uniformly adhered to provides that an award to the wife for her maintenance must be predicated upon her needs and the means or the ability of her husband to pay. LSA-C.C. Art. 148. The amount necessary for her maintenance must be determined by the facts and circumstances established to exist in a particular case. Lucas v. Lucas, 157 So.2d 615 (La.App., 2d Cir. 1963); Hicks v. Hicks, 147 So.2d 750, 752 (La.App., 2d Cir. 1962).
Much discretion is vested in the trial court in fixing the amount of alimony, provided it does not exceed one-third of the husband’s income, and his findings are not to be disturbed in the absence of manifest error. Gerstner v. Stringer, 205 La. 791, 18 So.2d 195 (1944); Lucas v. Lucas, supra; Hicks v. Hicks, supra; Calloway v. Calloway, 139 So.2d 55 (La.App., 2d Cir. 1962).
From our review of the record, and on giving consideration to the income of both pláintiff and defendant, her needs and his ability to pay, we not only fail to find manifest error in the action of the trial court but are of the opinion that the award made is clearly justified.
For these reasons, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.