HOOD, Judge.
M. D. Reynolds instituted this suit for divorce against his wife, Mary Lou Quattlebaum Reynolds, on June 21, 1968, based on allegations that he and his wife have lived separate and apart since November 20, 1965, that being a period of more than two years. Mrs. Reynolds filed an answer and a reconventional demand alleging that she and her husband lived together until March, 1966, but that they have lived separate and apart continuously since that time. In her reconventional demand she prays for judgment in her favor granting a divorce on the grounds that she and Mr. Reynolds have lived separate and apart for more than two years, and awarding her permanent alimony in the sum of $100.00 per month.
Judgment on the merits was rendered by the trial judge in favor of Mrs. Reynolds, granting the divorce which she sought in her reconventional demand, and awarding her alimony in the sum of $50.00 per month. The original plaintiff, Mr. Reynolds, has appealed.
The plaintiff husband did not file an answer to the reconventional demand as required by LSA-C.C.P. Arts. 852, 1035 and 1036, nor was a preliminary default entered by plaintiff in reconvention prior to the rendering of a judgment on the merits. Under our jurisprudence, a judgment on the merits cannot be rendered in favor of a plaintiff in reconvention unless issue previously has been joined either by the filing of an answer to the reconventional demand or by the timely entering of a preliminary default against the defendant in reconvention, unless the defendant in reconvention has waived these requirements. Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir. 1964); Elum v. Kling, 90 So.2d 881 (La.App. 1st Cir. 1956); Chronister v. Creole Corporation, 147 So.2d 218 (La.App. 4th Cir. 1962); Johnson v. Turner, 218 So.2d 363 (La.App.2d Cir. 1969); Garry v. Zor, Inc., 181 So.2d 828 (La.App. 4th Cir. 1966); Deposit Guaranty National Bank v. Shipp, 205 So.2d 101 (La.App.2d Cir. 1967).
In the instant suit, the defendant in reconvention did not object to the fixing of the reconventional demand for trial or to the taking of evidence on the reconventional demand. Objections were made to some of the evidence which Mrs. Reynolds sought to introduce relating to the question of whether she was at fault, but these objections were based solely on the ground that the evidence was outside of and beyond the pleadings. We have concluded that the requirements of the above cited *184 articles of the Louisiana Code of Civil Procedure have been waived by the defendant in reconvention, and that the judgment appealed from is not void because of a procedural defect.
The evidence convinces us, as it did the trial judge, that plaintiff and defendant voluntarily separated in March, 1966, that they have lived separate and apart since that time, and that they thus had not lived together for a period of more than two years prior to the time this suit was filed. The trial judge awarded the divorce to the defendant wife (plaintiff in reconvention) for the reason that the plaintiff husband did not carry his burden of proving that the voluntary separation took place in November, 1965, as he had alleged. The testimony given by the plaintiff husband on cross-examination by counsel for the defendant convinces us that Mr. Reynolds and his witnesses were mistaken in testifying that the separation took place in November, 1965. Accordingly, we affirm the judgment awarding the divorce to the defendant wife (plaintiff in reconvention).
Article 160 of the Louisiana Civil Code provides that alimony after divorce may be awarded to the wife who has not been at fault and who has insufficient means for her support. The word “fault” contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart. Felger v. Doty, 217 La. 365, 46 So.2d 300 (1950); Vicknair v. Johnson (Vicknair), 237 La. 1032, 112 So.2d 702 (1959); Vinot v. Vinot, 239 La. 587, 119 So.2d 474 (1960); Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968). In applying Article 160 of the Civil Code, Louisiana courts have held that the wife carries the burden of establishing that she was without fault, and that she has insufficient means for her support. Vicknair v. Johnson (Vicknair), supra, and cases cited therein.
The plaintiff, Mr. Reynolds, contends that the trial judge erred in awarding alimony to defendant because the issue of “fault” was not raised by the pleadings, and because evidence relating to the issue of “fault” was erroneously admitted by the trial judge notwithstanding the timely objections made by counsel for plaintiff-appellant. Mrs. Reynolds, on the other hand, contends that plaintiff raised the issue of “fault” in his petition, and that this issue thus was properly before the trial court.
In the answer and reconventional demand filed by the defendant wife, there are no allegations relating to fault on the part of Mr. Reynolds or lack of fault on the part of the defendant wife. Thus, in order to determine whether the issue of “fault” was raised by the pleadings, we must look to the original petition filed by plaintiff, Mr. Reynolds.
Plaintiff’s petition, after alleging the marriage of the parties and the establishment of the matrimonial domicile in Rapides Parish, contains the following allegation :
“Petitioner shows that on November 20, 1965 he was employed in Plaquemine, Louisiana and he left his wife at the matrimonial domicile and told her that he would send for her when he got situated in Plaquemine, Louisiana. Petitioner shows further that on the same day he left, defendant moved her belongings from the matrimonial domicile and said that she was moving out and she has not returned or lived with plaintiff since that date.”
Since the quoted allegation from plaintiff’s petition charges the defendant wife with conduct which, if true, is violative of her marital duties and responsibilities and a precipitating cause of the separation of the parties, and since that allegation was denied by the defendant wife, we hold that the issue of “fault” was properly before the trial court, and that it was not error for the trial judge to admit evidence on that issue *185 over the obj ections of counsel for the plaintiff husband.
The evidence shows that M. D. Reynolds and Mary Lou Reynolds were married on November 19, 1965, and that they established their matrimonial domicile in Rapides Parish in the home of Mr. Reynolds’ parents. Mr. Reynolds, who had custody of his two minor children born of a former marriage, was employed in the grocery department of Food Town, one of a chain of grocery stores. In March, 1966, Mr. Reynolds was transferred to a grocery store owned by the same chain in Plaque-mine, Louisiana. He testified that he left Rapides Parish with the intention of sending for his wife and his two children as soon as he was financially able to afford suitable lodging. The testimony is vague as to whether the parties had any marital difficulties prior to the time Mr. Reynolds moved to Plaquemine. Mrs. Reynolds testified that they had not had any arguments at all during their marriage. Nevertheless, Mrs. Reynolds introduced into evidence a letter, admittedly written by Mr. Reynolds, which she testified was received by her a few days after her husband moved to Plaquemine. Mr. Reynolds acknowledged that the letter was written by him, but he testified that it was written in reply to a letter which he had received from Mrs. Reynolds, in which letter she stated that she was leaving him. Mrs. Reynolds admitted writing several letters to her husband, but she testified that in those letters she had not stated that she was leaving Mr. Reynolds, but instead, she had asked him what was wrong, had asked him if there was any way that they could work out their difficulties, and had told him that she loved him. She testified further that after moving from the matrimonial domicile, she wrote another letter to Mr. Reynolds in which she stated that she would be living in the home of her sister-in-law until such time as he was prepared to resume the marriage. None of the letters written by Mrs. Reynolds were introduced into evidence.
The letter written by Mr. Reynolds, obviously in reply to a letter which he had received from his wife, reads in part as follows:
“ * * * it seems there is nothing left but to tell you so long. * * * Go home to mother or wherever you have planned to go if you please. * * * I think I’ve been a fair husband but if you aren’t satisfied with things as they are then I think you are ready for a change, don’t you. * * * I have never said one word to you about where you go or what you do and truthfully I don’t care, but get off my back or get out of my life one way or the other.”
The trial judge held that all of the evidence, including the above mentioned letter, shows that Mrs. Reynolds had sufficient provocation to induce her to leave the matrimonial domicile, and that she thus was free from fault. After considering all of the facts, we have concluded that they are sufficient to support the conclusion reached by the trial court. We, therefore, cannot say that he erred in holding that Mrs. Reynolds was without fault.
Plaintiff further contends that Mrs. Reynolds had sufficient means for her support and was not entitled to an award of alimony. Alternatively, he contends that the award of $50.00 per month to his wife is excessive.
The alimony provided by Article 160 of the Civil Code is in the nature of a pension accorded by law to the wife. This alimony or pension is a gratuity which the court, in its discretion, may allow and fix at an amount not to exceed more than one-third of the husband’s income, and it is revocable when it becomes unnecessary. Jones v. Jones, 232 La. 102, 92 So.2d 917 (1957) and cases cited therein.
The evidence shows that Mrs. Reynolds is employed as a maid and babysitter at a salary of $100.00 per month. She pays nothing for lodging and trans *186 portation, but she does incur expense for food, clothing, and medical treatment. Her living expenses amount to at least $150.00 per month. Mr. Reynolds testified that he earns $460.00 per month, that he pays an installment of $75.00 per month on a truck which he gave to his parents in lieu of direct payment to them for taking care of his two children; that he pays another car note of $104.00 per month for himself; and that he has the usual expenses for maintaining himself.
Much discretion is vested in the trial court in fixing the amount of alimony, which must be paid to the former wife, provided that it does not exceed one-third of the husband’s income. His findings are not to be disturbed unless found to be clearly wrong. LSA-C.C.P. Art. 160; Gerstner v. Stringer, 205 La. 791, 18 So.2d 195 (1944); Street v. Street, 205 So.2d 839 (La.App.2d Cir. 1968). We find no abuse of discretion or error in the award of alimony at the rate of $50.00 per month made to Mrs. Reynolds by the trial judge in the instant case.
The judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.