HALL, Judge.
Defendant appeals from a judgment increasing his former wife’s alimony from $200 to $400 per month. The parties were divorced in 1962, at which time the wife was awarded $200 per month. See Calloway v. Calloway, 139 So.2d 55 (La.App. 2d Cir. 1962). There was no reconsideration or change in the alimony award for 15 years with the exception of three months during the summer of 1969 when the wife was awarded an additional $150 per month to assist her in going to school.
Appellant contends the trial court erred in granting appellee an increase in alimony in that (1) appellee failed to prove the req *850 uisite change of circumstances; (2) the trial court considered the increase in appellant’s gross income without considering the additional taxes withheld therefrom; (3) the former wife’s termination of employment was not considered; and (4) in any event the increase was disproportionate to the change in circumstances of the parties.
Appellant testified his take-home pay in 1962 was $884 per month. The appellate opinion cited above states that his take-home pay was $686 at that time. Regardless, appellant's income as an engineer for a manufacturing company had increased to approximately $27,000 per year at the time of trial in early 1977, with approximately $6,000 payable for taxes, or a net income of approximately $21,000 per year, or $1,750 per month. Appellant’s monthly expenditures, including some regular savings, repayments on loans, alimony, and the usual other expenses approximate his net income. Appellee estimated her current monthly expenses at $563.88 per month, including a house payment, groceries and sundries, utilities, automobile expenses and medical expenses, all in reasonable amounts. There was no evidence offered at the trial of the rule to increase alimony as to her expenses in 1962, but considering inflation and referring to the appellate opinion in the 1962 proceedings, it is apparent that there has been an increase in her expenses. The record supports a finding that there have been changes in circumstances resulting in increased needs on the part of appellee and an increased ability to pay on the part of appellant.
Although the trial court mentioned appellant’s gross income in oral reasons for judgment given at the conclusion of the trial, there was adequate evidence adduced as to his income after taxes and there is no reason to believe the trial court did not take into consideration appellant’s tax liabilities.
Appellee was not employed at the time the original alimony award was made and has been employed only briefly since that time. Her only significant employment was during the school year of 1970-1971 when she worked as a full-time classroom teacher on a substitute basis outside of her field of study and she was not reemployed at the end of that school year. The record does not indicate that appellee has ever been or could ever be regularly, gainfully employed, although she did obtain a degree in music education after the parties divorced. The fact that appellee did not continue her brief and sporadic employment and is not currently employed does not reduce the husband’s obligation to pay alimony. Ward v. Ward, 339 So.2d 839 (La.1976).
The record establishes appellee’s need for an additional $200 per month and the appellant’s ability to pay that additional amount. While perhaps at the maximum limit, the amount awarded does not exceed one-third of appellant’s income, is not unreasonable, and is within the trial court’s discretion. The judgment is affirmed at appellant’s costs.
Affirmed.