656 So.2d 984 (1995)
In re Linda B. WATKINS.
No. 95-B-0459.
Supreme Court of Louisiana.
June 16, 1995.
Dissenting Opinion August 15, 1995.
John T. Seale, G. Fred Ours, New Orleans, Thomas W. Sanders, Lake Charles, for applicant.
Linda B. Watkins, Marilyn M. Fournet, Baton Rouge, for respondent.
Dissenting Opinion of Justice Johnson filed August 15, 1995.

DISCIPLINARY PROCEEDINGS
PER CURIAM.[1]
This is a disciplinary proceeding against the respondent, Linda B. Watkins, a member of the Louisiana State Bar Association. Respondent entered a guilty plea in federal court to one count of making false statements to receive Social Security Income and to one count of collecting an excessive fee in representing Social Security claimants in violation of 42 U.S.C. Sections 1383a(a)(2) and 406(a)(5), respectively. As a result, an interim suspension was ordered by this Court on September 16, 1993 pursuant to Section 19 of Supreme Court Rule XIX, In re Linda B. Watkins, 623 So.2d 1315 (La.1993), and formal charges were subsequently filed by Disciplinary Counsel. The Hearing Committee recommended that Respondent be suspended for a period of one year and one day and special conditions be imposed, in the event of her reinstatement to the practice of law. The Disciplinary Board issued a report to this Court recommending, among other things, a two year suspension. Respondent objected to the Board's recommendation, and that matter is now before this Court under our original jurisdiction. La. Const. art. V, Sec. 5(B).
Lorraine Jones retained Respondent to represent her in an appeal pending before the Social Security Administration (hereafter, the "Administration"). During her representation of Ms. Jones, on November 4 and November 22, 1988, Respondent filed physicians' reports into evidence, knowing that they had been falsely altered. Specifically, the alterations pertained to the severity of *985 Ms. Jones's injuries, as well as her prognosis and dates of treatment. The altered information was material to the determination of Ms. Jones's rights to receive Social Security Income benefits and, therefore, in violation of 42 U.S.C. Section 1383a(a)(2).
Respondent was also retained by William Benton to represent him in a Supplemental Security Income disability appeal hearing. In accordance with federal law, Respondent had filed a petition with the Administration requesting that the Secretary of Health and Human Services approve an attorney's fee in the amount of $3,000 for services Respondent rendered to Mr. Benton. The Administration approved the fee and, on July 23, 1990, Respondent received payment in the amount of $3,000 from the Administration. The funds were withheld from Mr. Benton's benefits. However, Respondent had already collected her fee in the amount of $3,000 directly from Mr. Benton on October 27, 1989, approximately nine months earlier. Respondent failed to refund Mr. Benton's payment or to notify the Administration of the situation. Respondent's knowing assessment and collection of the unapproved and excessive fee constituted a violation of 42 U.S.C. Section 406(a)(5).
On March 9, 1993, Respondent entered a guilty plea in United States District Court, Middle District of Louisiana, to making false statements of fact to obtain Social Security Income benefits and to collecting excessive fees in representing Social Security claimants, in violation of 42 U.S.C. Sections 1383a(a)(2) and 406(a)(5), respectively. Respondent was sentenced on both counts to serve three years probation with special conditions, including serving six months in a halfway house and paying restitution.
On September 30, 1993, formal charges were filed against Respondent alleging violations of Rules 3.3(a)(1), 3.4(a)(b), 8.4(b)(c) & (d) of the Rules of Professional Conduct. Specifically, Respondent was charged with making false statements of fact to a tribunal, unlawful altering of evidentiary documents, falsification of evidence, commission of criminal acts which adversely reflected upon her moral fitness to practice law, engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation, and engaging in conduct that is prejudicial to the administration of justice. Respondent answered the formal charges maintaining her federal convictions were only misdemeanors and, thus, not "serious crimes" warranting disbarment pursuant to Section 19 of Supreme Court Rule XIX. Moreover, Respondent alleged there were substantial mitigating circumstances existing to warrant discipline less severe than disbarment.
On January 1, 1994, the formal charges were heard by the Hearing Committee. Prior to the hearing, Respondent and the Office of Disciplinary Counsel entered into an agreement and submitted a joint stipulation as to the admissibility of various documents relating to respondent's criminal conviction, her mental health, and her character. Furthermore, the parties stipulated that the appropriate sanction would be a suspension of one year and one day. Respondent was present at the hearing and testified on her own behalf. Upon review of the evidence and arguments, the Hearing Committee issued its findings and recommendation to the Disciplinary Board in accordance with Section 11(F) of Supreme Court Rule XIX. It concluded several aggravating factors were present: dishonest and selfish motive, pattern of misconduct[2], multiple offenses, vulnerability of victims, and substantial experience in the law. See, American Bar Association's Standards for Imposing Lawyer Sanctions, Standard 9.22(b)(c)(d)(h) & (i). In addition, the Committee observed the evidence established that Respondent's misconduct caused both actual injury to Mr. Benton and potential injury to Ms. Jones and the Administration. Nevertheless, the Committee considered the Respondent's personal and emotional problems,[3] timely restitution, cooperation with disciplinary authority, good *986 character and reputation in the community, and the imposed criminal sentence as mitigating factors. Id., Standard 9.32(c)(d)(e)(g) & (k). The Hearing Committee recommended to the Disciplinary Board adoption of the consent discipline of a suspension for a period of one year and one day, as well as an assessment of all costs of the disciplinary proceedings. The Committee further recommended the following conditions to be fulfilled by Respondent in the event she should seek reinstatement to the practice of law:
1. Recognition of Respondent's physical, mental and/or emotional problems as a disability affecting her competency to practice, removal or sufficient amelioration of which must be demonstrated prior to reinstatement;
2. Six hours of continuing legal education relating to office management; and
3. Upon reinstatement and resumption of practice, a one year probationary period, with the following conditions:
a. a practice monitor will be appointed by this Court prior to resumption of practice;
b. Respondent will develop a law office organization and management plan, approved by the practice monitor, within thirty days of her resumption of practice; and
c. the practice monitor will review on a quarterly basis the Respondent's office management, including client matter files, trust and operating accounts, and report his findings to the Office of Disciplinary Counsel.
The Disciplinary Board upheld the findings of the Committee, but declined to adopt the Committee's recommendation in its entirety. Most notably, the Board rejected the consent discipline of a one-year and one-day suspension, finding the evidence and jurisprudence supported a suspension for a period of two years. Furthermore, the Board recommended that Respondent be required to maintain professional liability insurance during the probationary period following her reinstatement.[4]
Upon review of the record of the Disciplinary Board's findings and recommendations, and considering the record, transcripts, briefs and oral arguments, we conclude that the charges of misconduct are supported by clear and convincing evidence. In re Quaid, 94-1316 (La. 11/30/94), 646 So.2d 343. It is the decision of this Court that the Disciplinary Board's recommendations be adopted.
Accordingly, it is ordered that Linda B. Watkins be suspended from the practice of law for a period of two years effective September 16, 1993, the date of her interim suspension. It is further ordered that prior to this Court's consideration of a petition for reinstatement to the practice of law, the following conditions must be fulfilled by Respondent:
1. Recognition of her physical, mental and/or emotional problems as a disability affecting her competency to practice, removal or sufficient amelioration of which must be demonstrated prior to reinstatement or parameters regarding the type of practice in which her mental health provider believes she can be engaged should be taken into consideration; and
2. Completion of six hours of continuing legal education relating to office management.
It is further ordered that should Respondent be reinstated and resume the practice of law, she shall be placed on a one year probationary period with the following conditions:

*987 1. A practice/probation monitor will be appointed by this Court prior to Respondent's reinstatement to practice;
2. Respondent will develop a law office organization and management plan, approved by the practice monitor, within thirty days of her resumption of practice.
3. On a quarterly basis, the practice monitor will review Respondent's office management, including client matter files and operating/trust accounts, and shall report the findings to the Office of Disciplinary Counsel.
4. Respondent is to maintain professional liability insurance.
All costs of these proceedings are assessed to Respondent. See, Section 10(A)(7) of Supreme Court Rule XIX.
LEMMON, J., dissents in part, being of the opinion that the considerable mitigating circumstances do not reduce the baseline penalty of disbarment below a three-year suspension.
JOHNSON, J., dissents and will assign reasons.
JOHNSON, Justice, dissenting.
I respectfully dissent.
Respondent was convicted on one count of making false statements to receive Social Security Income in violation of 42 U.S.C. § 1383(a)(2), and one count of collecting an excessive fee in representing Social Security claimants in violation of 42 U.S.C. § 406(a)(5). Respondent was sentenced to serve three years probation on both counts, with six months residence in a half way house, ordered to make restitution, and barred from representing Social Security claimants. She was also barred from the practice of law before the U.S. District Court, Middle District of Louisiana. The facts further indicate that there were five additional instances where respondent received payments from Social Security Income recipients prior to approval from the Administration as required by federal law, and falsely disclosed in her petition for fee approval that she had not received any prior compensation payments. (See In re: Linda B. Watkins, 95-B-0459 (La. 6/16/95), n. 2, 656 So.2d 984.)
When a lawyer engages in serious misconduct as displayed by this respondent, the baseline sanction is disbarment. Despite this, the Disciplinary Board, relying on LSBA v. White, 539 So.2d 1216 (La.1989), recommended that respondent be suspended from the practice of law for two years. (See ABA Standards for Imposing Lawyer Sanctions, Standard 5.11, Failure to Maintain Personal Integrity; Standard 6.11, False Statements, Fraud, and Misrepresentation; and 4.11 and 4.12, Failure to Preserve the Client's Property.) Respondent's multiple offenses, coupled with a pattern of misconduct warrants a more severe sanction. Ironically, respondent will be reinstated to practice law in this state while still serving her probationary sentence.
Recently, in In re: James F. Quaid, 94-B-1316 (La. 11/30/94), 646 So.2d 343, rehearing denied (La. 2/16/95), this Court disbarred an attorney for collecting a $9,145.47 fee in a Social Security proceeding, which was $6,645.47 more than the $2,500.00 approved by the Social Security Administration. The Court concluded that respondent knowingly presented false or misleading information to the tribunal regarding the fee charged to his client. Additional aggravating factors were Quaid's prior reprimands by this Court.
Notwithstanding that each case presented before this tribunal must be considered based upon its own distinct set of facts and circumstances, the aggravating factors, as well as the mitigating factors involved, this Court must be consistent when imposing disciplinary sanctions upon respondents whose misconduct is similar in nature. Since the respondent's misconduct in In re: James F. Quaid is similar in nature to the misconduct exhibited by Linda Watkins, there should not be a wide disparity in the sanctions imposed.
NOTES
[1] Chief Judge Morris A. Lottinger, Court of Appeal, First Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis. Calogero, C.J., not on panel. Rule IV, Part 2.
[2] The Pre-Sentence Investigative Report adopted by the federal district judge presiding in the criminal case discussed five other instances of "uncharged behavior" wherein Respondent had received fee payments from Social Security Income recipients prior to approval from the Administration as required by federal law, and falsely indicated in her petitions for fee approval that she had not received any prior payments. The last of these instances occurred only six days before Respondent entered her guilty plea in federal court.
[3] Respondent submitted substantial medical documentation to support the existence of her personal and emotional problems; however, the Committee did not give significant weight to these problems as mitigating factors. The Committee observed that for a mental condition to be a mitigating factor, there must be a direct causation between the mental disability and the misconduct giving rise to the disciplinary charge. The Committee stated the record lacked evidence as to how Respondent's mental condition resulted in the commission of her crimes which required knowing and affirmative acts.
[4] There were two members of the Disciplinary Board who dissented from the Board's recommendation of a two year suspension. One member stated the fraudulent nature of the Respondent's actions warranted disbarment. See, American Bar Association's Standard for Imposing Lawyer Sanctions, Standards 5.11 and 6.11. The other dissenting member recommended a one year and one day suspension based on the stipulation between Disciplinary Counsel and Respondent, the mitigating factors addressed by the Committee, and the suggested conditions for reinstatement and practice.