DISCIPLINARY PROCEEDING
IxPER CURIAM.*
This is a disciplinary proceeding against respondent, David L. Levingston, for violations of the Rules of Professional Conduct arising from his conduct as the executor and the attorney for the estate and the executor of the Succession of Louella B. Lewis, respondent’s great aunt, as well as the trustee and attorney for the trust created by the decedent’s will. Disciplinary Counsel commenced this .proceeding upon the complaint of the trust beneficiaries, who had filed a civil action seeking to have respondent removed as trustee.
The trust under respondent’s administration sustained losses of over $150,000.[1] Respondent made secured and unsecured loans with trust funds in excess of $300,000 to his relatives, employees, business associates and friends, many of whom failed to repay the loans.[2] He also utilized trust funds to engage in speculative investments with business associates and friends, and he pledged trust assets to secure certain obligations of a business associate.
Respondent admitted he commingled trust funds with his own assets and the assets of his mother. Respondent’s use of his own tax identification number on a bank account with commingled trust funds allowed the funds to be seized by the ^Internal Revenue Service to satisfy his personal tax obligations. Instead of immediately replacing the seized trust funds, respondent signed an unsecured promissory note six months later, and only repaid the note as a condition of the settlement with the beneficiaries in the civil litigation.
Respondent also failed to account timely and accurately to the beneficiaries regarding the financial status of the trust and its investments, and his system of maintaining trust records was incomplete and in disarray. Respondent also failed to provide accounting and invoices to substantiate a legal fee of *106 $34,000 for eight months of purported legal work for the succession and/or the trust.[3]
Finally, respondent required the beneficiaries and their counsel, as a condition to settlement in the civil litigation, not to reveal any information about respondent’s actions pertaining to the trust, unless mandated to do so by an official inquiry. He also required the beneficiaries in the settlement to write a letter seeking dismissal of the disciplinary investigation. Subsequently, respondent provided to Disciplinary Counsel information about his handling of the trust that was incomplete, false and misleading.
Upon the filing of formal charges, respondent filed a Motion for Consent Discipline. He requested that he be suspended from practice for two years, with imposition of the suspension being deferred pending satisfactory completion of a two-year probationary period with additional conditions of probation. Although Disciplinary Counsel and the Healing Committee found the proposition to be appropriate, the Disciplinary Board rejected the proposed consent discipline and ordered the case to proceed on the formal charges.
After a formal hearing, the Hearing Committee found that although the |3evidence did not directly prove intentional misconduct or dishonest motive, there was clear and convincing evidence that respondent’s conduct in connection with the operation of the trust was grossly negligent and in reckless disregard for his fiduciary responsibilities. Furthermore, the Committee found clear and convincing evidence that respondent attempted to thwart the investigation into his conduct by attempting in the civil settlement with the beneficiaries to negotiate their withdrawal of the disciplinary complaint against him. Emphasizing that respondent had received a prior reprimand for conduct that was strikingly similar to the conduct in the instant proceeding,[4] the Committee recommended that respondent be suspended from the practice of law for nine months.
The Disciplinary Board agreed with the Hearing Committee’s findings of fact, but also found the presence of several aggravating factors: prior discipline, selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings, deceptive practices during disciplinary proceedings, refusal to acknowledge the wrongful nature of conduct, and substantial experience in the practice of law. The Boat'd further agreed that respondent improperly used the settlement negotiations in the civil suit as leverage to obtain consent of the trust beneficiaries to withdraw their disciplinary complaint. The Board also agreed that respondent had charged unreasonable fees. Noting as a mitigating factor that the disciplinary complaint was filed six years ago, the Board observed that respondent |4was personally responsible for some of the delay when he impeded the investigation by requiring the beneficiaries to withdraw their complaint and failing to cooperate in the investigation until issuance of a subpoena.
The Board recommended that respondent be suspended from practice for a period of one year and one day and be required to pay or demonstrate efforts toward payment of restitution in the amount of $98,000 for losses sustained by the trust.[5]
*107 Suspension is appropriate when a lawyer knows or should know that he is dealing improperly with the client’s property and causes injury to the client. ABA Standards for Imposing Lawyer Sanctions § 4.12 (1991). The court, considering the entire record, concludes that the proved extensive misconduct and the prior discipline for similar misconduct that resulted from a felony conviction warrant a suspension of greater magnitude than the recommended sanction.
Accordingly, respondent is suspended from the practice of law for a period of two years. Respondent is further ordered to pay restitution in the amount of $98,000, and to pay all costs of these proceedings. Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for reinstatement.

Victory, J., not on panel. Rule IV, Part 2, § 3.

. The decedent's will directed the trustee invest the funds in conservative income-producing investments.

. Respondent also paid himself over $17,000 as the executor’s commission.

. In 1991, respondent received a public reprimand arising out of á federal felony conviction for improper loan practices while acting as director and Chairman of the Board of Metro Savings of Lake Charles. See In re levingston, 587 So.2d 1190 (La.1991). After banking hours and without consent of the board of directors, respondent had approved a $750,000 loan to a drilling company in which he allegedly had a 23% ownership interest. Although the amount of the loan was never advanced, the bank issued a non-assignable certificate of deposit. In exchange, the drilling company pledged its receivables valued at $1,000,000 to the bank. A substantial portion of the receivables was later released at respondent's direction without knowledge or approval of the bank's board of directors, thus, diminishing security for the loan.

.As stated, the documented losses sustained by the trust under respondent's tenure was in excess of $150,000. As a part of the civil settlement with the beneficiaries, respondent repaid $65,-000 in cash and secured the release of $35,000 of trust property that had been used as security for speculative investments.