*875 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed by respondent, David L. Levingston, an attorney licensed to practice law in Louisiana but who is currently suspended.[1] The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
In September 1995, Rufus Meyers retained respondent to handle the succession of his late wife, Erika Meyers. The succession was not complicated or unusual; no administration was necessary and respondent was simply required to put Mrs. Meyers’ heirs in possession of her estate. Nevertheless, respondent charged a legal fee of $47,221.49 in the matter.[2] The ODC alleges this fee is grossly excessive and | ¡¿hat respondent has failed and refused to return the excessive portion, despite being called upon to do so.
DISCIPLINARY PROCEEDINGS
After its investigation, the ODC filed one count of formal charges against respondent. Respondent admitted in his answer that he handléd the succession at issue, but he denied the remainder of the allegations of the formal charges. Prior to a formal hearing in the matter, respondent filed a petition for consent discipline in which he admitted the factual allegations of the formal charges. For his misconduct, respondent proposed that he be suspended from the practice of law for three years. Respondent also proposed that he make full restitution in the amount of $37,-221.85 prior to any application for reinstatement.[3] The ODC concurred in the petition.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated a duty owed to his client and the profession. The board noted that since this is a consent *876 discipline proceeding, the issue of whether respondent “knowingly deceived” his client has not been addressed. However, respondent admitted that the succession matter he was retained to handle was uncomplicated and required no administration. He also acknowledged that he charged (and has not yet repaid) a grossly excessive fee, causing harm to his client.
|3Although no aggravating or mitigating circumstances were cited by the parties, the board noted that respondent has a prior disciplinary record[4] and that the amount of the excessive fee he billed his client was quite large. Given these factors, the board concluded that the proposed consent discipline is appropriate under the ABA’s Standards for Imposing Lawyer Sanctions[5] and the prior jurisprudence.[6]
Accordingly, the “board recommended that respondent be suspended from the practice of law for three years. The board also recommended that any application for reinstatement by respondent be conditioned upon his repayment of full and complete restitution.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
Respondent has admitted that he engaged in misconduct which constitutes a violation of Rules 1.5 (fee arrangements) and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct. Based on our review of |4the record, we find the proposed consent discipline is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that David L. Levingston be suspended from the practice of law for a period of three years. Respondent is ordered to make full and complete restitution to his client. Respondent’s payment of restitution or efforts to make restitution will be considered if he applies for reinstatement. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., dissents from the order and would reject consent discipline.

 Traylor, J., not on panel. Rule IV, Part II, § 3.

. Although respondent has served the two-year suspension imposed in In re: Levingston, 96-1379 (La. 12/6/96), 685 So.2d 105, he has not applied to this court for reinstatement, and accordingly, he remains suspended from the practice of law.

. The decedent’s community interest in the estate was valued at more than $572,000; the gross estate (which included Mr. Meyers’ community interest) was valued at more than $1.14 million. Respondent calculated his fee by charging Mr. Meyers a flat 5% of the value of the gross estate and subtracting a $10,000 "professional discount.”

. The affidavit accompanying respondent's petition for consent discipline indicates that the sum of $37,221.85 "has been determined to be full and complete restitution in this matter.” No further explanation is provided.

. In In re: Levingston, 96-1379 (La. 12/6/96), 685 So.2d 105, respondent was suspended for two years for misconduct arising out of various actions he took while representing a succession. In In re: Levingston, 587 So.2d 1190 (La.1991), respondent was publicly reprimanded for misconduct involving improper loan practices which occurred while respondent was a director and chairman of the board of a Lake Charles, Louisiana bank.

. Under Standard 4.62, suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to a client. Standard 7.2 suggests that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injur}' to a client, the public, or the legal system.

. The jurisprudence indicates that the sanction for charging an excessive fee ranges from public reprimand to disbarment. In re: Juakali, 97-1460 (La.9/5/97), 699 So.2d 361 (attorney who had been appointed curator for an absent defendant suspended for one year, with six months deferred, for improperly charging $400 in legal fees to the plaintiff); In re: Little, 95-DB-009 (2/29/96) (attorney publicly reprimanded for charging a contingency fee in a worker's compensation matter); In re: Watkins, 95-0459 (La.6/16/95), 656 So.2d 984 (attorney suspended for two years for collecting an excessive fee in a Social Security matter); In re: Quaid, 94-1316 (La. 11/30/94), 646 So.2d 343 (attorney disbarred for collecting an illegal fee in a Social Security matter; the attorney's prior disciplinary record was found to be a significant aggravating factor).