The defendant Philip Monesteri had lived two miles west of Hammond about 24 years. He emigrated from Italy when he was 15 years of age.

The defendant Joe Monesteri had lived near Hammond for many years, and spoke and understood English about as well as the person sought to be appointed interpreter.

The testimony of these defendants is in the record, and shows upon its face the ability of each to speak and understand English sufficiently well to testify without the assistance of an interpreter.

We agree with the trial judge that the appointment of an interpreter would have resulted only in unnecessary delay and confusion.

### Bill No. 7.

This bill is reserved to the overruling of a motion for a new trial by the judge a quo.

This motion is based upon the errors assigned in the various bills already disposed of, and upon the usual ground that the verdict is contrary to the law and the evidence.

In overruling the motion for a new trial, the judge a quo stated that: "The evidence in this case would have justified a more serious indictment, that is, lying in wait, armed with a dangerous weapon and an assault with intent to murder."

The motion for new trial was properly overruled.

The conviction and sentence of each of the defendants Philip Monesteri, Joe Monesteri, and Chris Monesteri, herein appealed from, are affirmed.

(129 So. 155)
### JOHNSON v. JONES.
No. 29974.

May 5, 1930.

Rehearing Denied June 2, 1930.

Herve Racivitch and Robert L. Hickerson, both of New Orleans, for appellant.

Mayer L. Dresner, of New Orleans, for appellee.

ROGERS, J.

The plaintiff, Judge A. Johnson, sued his wife, Rosalie Jones Johnson, for a separation from bed and board, on the alleged grounds of cruel treatment and public defamation. The defendant, Mrs. Johnson, was absent from the state at the time the suit was brought, and, at plaintiff's request, the judge of the district court appointed a curator ad hoc to represent her. The curator ad hoc filed an answer on behalf of the defendant, denying the material allegations of plaintiff's petition, and then reconvened, alleging cruel treatment of defendant by plaintiff, and praying that she be granted a separation from bed and board, the custody of her children, and alimony.

The court below rejected plaintiff's demand, and rendered a judgment on the reconventional demand as therein prayed for. Plaintiff has appealed from this judgment, and the curator ad hoc has answered the appeal on behalf of the defendant, asking that the appellant be condemned to pay an attorney's fee of $100 subject to a credit of $50 previously paid by appellant to the curator ad hoc.

We have no difficulty in reaching the conclusion, from an examination of the testimony, that plaintiff failed to prove the allegations of his petition; and hence the judgment of the court below rejecting his demand is correct.

So far as concerns the reconventional demand, we have grave doubts as to the authority of the curator ad hoc as such to ask for and in behalf of his principal a judgment decreeing her a separation from bed and board. A curator ad hoc is appointed for a particular purpose under express statutory authority. His powers are strictly limited to those conferred by law, and cannot be extended to the performance of any other acts than such as tend to the defense of the rights and the protection of the interests of the absentee whom he represents. But, be that as it may, we do not feel we are able to affirm the judgment on the reconventional demand. A careful examination of the record will show, in our opinion, that the allegations of the demand have not been established with legal certainty. The testimony adduced in support of these allegations is entirely too vague and general to base a judgment on.

The question of attorney's fees raised by the answer to the appeal is one which must be determined in some other proceeding. The curator ad hoc is not the attorney of the defendant. He has no mission nor authority derived from her. He represents her only by virtue of his appointment by the judge of the district court under the authority conferred upon him by law. Act No. 296 of 1910; Civ. Code, art. 141; Code Prac. art. 116. His compensation is due him as curator ad hoc, and not as counsel, of the absent defendant.

For the reasons assigned, the judgment appealed from is annulled so far as it decrees defendant Rosalie Jones Johnson, on the reconventional demand, a judgment against plaintiff, Judge A. Johnson, of a separation "a mensa et thoro"; grants the defendant the permanent care and custody of her minor children Emma Juanita and Linda Elane Johnson, issue of the marriage between the parties; and condemns the plaintiff to pay defendant alimony at the rate of $15 a week; and the reconventional demand is dismissed as

in case of nonsuit. In all other respects the judgment is affirmed; plaintiff, Judge A. Johnson, to pay all costs of suit.