HARDY, Judge.'
Originally this suit was institutéd by plaintiff to procure the forfeiture and recovery of' option money in an amount of $500 deposited by defendant in connection with an agreement relating to the purchase of mineral leases located in the State of Texas. The fund at issue was entrusted to J. G. Palmer as escrow agent under the terms of the option agreement. The defendant being a non-resident of the State of Louisiana, Malcolm Feist, a member of the Shreveport Bar, was appointed to act as curator ,ad hoc. An exception of no cause or right of action was filed by the curator on behalf of the absentee defendant ;. the plea was sustained by the District Court and on appeal to this Court the judgment was affirmed. Tarver v. Allaun, La.App., 34 So.2d 669. Writs of certiorari were granted by the Supreme Court of the State of Louisiana and on review the judgment of this Court was reversed, the exception overruled and the case remanded for trial. Tarver v. Allaun, 215 La. 513, 41 So.2d 71. Pursuant to. the decree of the Supreme Court, trial on the merits was had in the District Court, and judgment rendered in favor of plaintiff. In conjunction with this judgment the District Judge awarded the sum of $125 to the curator as a' fee for services rendered and decreed that said amount be taxed as costs and paid by the escrow agent out of the fund in- hand. From this judgment plaintiff hás appealed with respect to that part of the judgment awarding the curator’s fee and taxing the same as costs' to be ■paid out of the -fund held by the escrow agent, and, consequently, this is the only point now before us on appeal.
Plaintiff protests the allowance of the curator’s' fee on the ground that the appointed- curator consulted with the defendant,-defended the suit against plaintiff’s demands, and, as a • consequence, should be considered as the ' attorney for defendant and not as a curator appointed under order of the Court. Alternatively, plaintiff contends that the fee allowed by the District Judge is incommensurate -with the ¡amount involved. - .
In this Court the curator has filed an answer to the appeal in which he seeks an increase in the amount of the' fee to the sum of $175, and, in the alternative, if this Court should affirm the correctness of the amount allowed below, then an increase of $50 for services rendered in connection with this appeal.
There is -no dispute as to the fact that the defendant in this case is -a non-resident of, and absent from, the State of Louisiana. The: authority' for the appointment- .of the curator -in-, such a case is provided in Article 116 of the Code of Practice: “If the minor against whom one intends to institute a -suit has no tutor, the plaintiff must demand that an attorney at law. be- appointed to defend the suit. The same course shall be- pursued if the person -intended to be sued be absent and not represented in the State * *
If the words “to defend the suit” mean anything they must be held to mean exactly what the words imply. We know of no distinction between the nature of services which should be rendered bj- a curator in diligently defending an action -in- which he' has been appointed as such an officer of the Court and those rendered by an attorney for an absentee defendant. Of course, it goes without saying that an absentee defendant properly notified by 'a curator has the right to dispense with the 'services of the appointed *442 curator and employ counsel of his own choosing under such terms of employment as may be mutually agreed, but we observe that this factor is not here involved.
The escrow agent, Palmer, was made a party defendant to the original suit, and filed an answer setting up pertinent and material facts in connection with his position as escrow agent having the custody of the forfeiture money. In this capacity as stakeholder the said defendant submitted the matter for determination by the Court and prayed that he be held harmless from any liability or cost.
The effect of the answer of the escrow agent was the same as if he had tendered the sum held into the custody of the Court, and, consequently, since the Court has not acquired personal jurisdiction over the defendant, the proceeding must be likened to a concursus in which the only question to be determined is the right to the fund which is within the jurisdiction of the courts of the State of Louisiana.
Plaintiff’s diligent counsel relies for support of his argument as to a change in status of the appointed curator primarily upon the fact that the defendant, in response to the curator’s inquiry, requested that a diligent defense be asserted as against plaintiff’s claims. We do not think it follows by reason of this fact that the service of the curator as. such was terminated by this instruction, and that in complying with the request he thereupon became private counsel for the defendant. On the contrary, we are firm in the opin--ion that this action by the defendant only imposed the same responsibility, no more and no less, as that provided by the article of the Code of Practice, supra, which states that appointment must be made of a curator “to defend the suit”.
We think this point has been specifically determined by the Supreme Court in Johnson v. Jones, 170 La. 760, 129 So. 155, 156. The opinion in the cited case contains the following pertinent statement: “Curator ad hoc is not the attorney for defendant. He has no mission nor authority derived from her. He represents her only by virtue of his ■ appointment by the judge of the district court under the authority conferred upon him by law. * * * His. compensation is due him as curator ad hoc,, and not as counsel, of the absent defendant.”
As above pointed out, we see no difference between the requirement to defend’ the suit which is made by law and a defendant’s instruction to defend the suit.
As a matter of fact the defense was-made by the interposition of an exception of no right and no cause of action, which was sustained by the District Court, which judgment was affirmed here. In other-words, the appeals prosecuted in this case,, without exception, have been at the instance of plaintiff, first, to this Court on-the exception, next by successful applicartion for writs to the Supreme Court, and,, now, again by appeal to this Court on the-question of fees and the payment thereof..
It is thus to be observed that the curator, having successfully performed his duties in the trial Court, has been forced to-undertake three separate appearances before appellate courts.
The several elements which must be considered in fixing the fee of a curator ad hoc are specified in Cockrell v. Moran Corp., 205 La. 761, 18 So.2d 174, as being responsibility incurred; amount in controversy; extent and character of labor performed; legal experience and knowledge of the attorney involved, among others not apropos to the instant case. We-willingly concede that if the amount in controversy were the only factor to be considered the fee fixed would be disproportionate thereto, but we cannot overlook: the fact that in this case the diligent and able attorney who was appointed and' served as curator has devoted considerable-effort and time to the services. Two appearances in the District Court, two appearances by brief and one by oral argument in this Court, and one appearance by-brief in the Supreme Court, testify both, to the substantial expenditure of time and’, to the able effort devoted by the curator..
After consideration of the extent and nature of the services -and the other-basic elements, we can only conclude that *443 the amount fixed by the District Court is reasonable. However, we are not disposed to allow any increase, inasmuch as, in our opinion, a greater sum would be unreasonable in consideration of the principal amount involved.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.