HOOD, Judge.
The appellee herein, Mrs. Louise Misko Capuder, obtained a judgment of final divorce against appellant, Albert L. Capuder, on April 14, 1959. In that judgment ap-pellee was given the custody of the three minor children of the marriage, and pursuant to a stipulation between the parties, appellant was condemned to pay her the sum of $100.00 per month as alimony for herself, and the additional sum of $200.00 per month as support for the children.
On September 21, 1961, upon application of Mr. Capuder, a rule was issued by the District Court directing his former wife to show cause why the alimony payments of $100.00 per month to her should not be discontinued. Mrs. Capuder answered the rule alleging facts tending to support her demand that the alimony payments due her should not be disturbed, and she obtained the issuance of another rule on March 20, 1962, directing the appellant to show cause why the amount previously awarded as support for the children should not be increased to $350.00 per month. Both of these rules were tried and judgment was rendered by the trial judge on May 14, 1962, dismissing both rules and condemning the appellant to continue to pay the same amounts previously ordered as alimony and support. Mr. Capuder has appealed from that judgment, and Mrs. Capuder has answered the appeal praying that the award *663 for support of the children be increased to at least $300.00 per month, and that appellant be ordered to pay attorney’s fees in the amount of $500.00.
The appellant is a professor at the University of Southwestern Louisiana, and as such, he receives an annual salary of $7,350.00. He taught school during the summer of the year 1961, and as salary for that work he received the additional sum of $1,837.50. He may be able to obtain the same type of employment in future summers, but he has no assurance of that and for that reason he cannot depend on this additional income. Although it is necessary for him to pay substantial sums each month for his own living expenses and for the retirement of previously incurred debts, we agree with the apparent finding of the trial court that Mr. Capuder is financially able to pay the amounts which he previously had been ordered to pay as alimony and support.
At the time the original divorce decree and alimony judgment was rendered, Mrs. Capuder was unemployed and she depended solely upon the appellant for the support of herself and of her children. Since that time, however, Mrs. Capuder has obtained employment as a professor of foreign languages at Duquesne University in Pitts-burg, Pennsylvania, and is earning a salary of $300.00 per month. She lives with her three children in a house which she and her mother own jointly and in which she has a right of survivor-ship. She pays no rent for the use of this home, but she does pay all of the costs of maintaining the house, including taxes, utilities and insurance, and all of the living expenses for herself and the children. She testified that the cost of maintaining the home amounts to $95.50 per month, that all of her own living expenses, including food, clothing and medical expenses, amount to $128.00 per month, and that she has miscellaneous expenses of $50.00 per month. All of these expenses, according to her own testimony, amount to the aggregate sum of $273.50 per month, which is less than the amount she earns.
Article 160 of the LSA-Civil Code provides, in part, that:
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; * * *.
“This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.”
 Our Supreme Court has held that the alimony provided in Article 160 of the Civil Code is in the nature of a pension or a gratuity which the court may allow and fix at its discretion, in' an amount not to exceed one-third of the husband’s income, and that it is revocable when it becomes unnecessary. The test to be applied in fixing the amount of this alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with “sufficient means for her maintenance.” It has been held that “maintenance,” as this word is used in the above-quoted article of the Civil Code, includes primarily food, shelter and clothing, and that the amount necessary for maintenance is to be determined by the facts and circumstances of each particular case. In arriving at this amount the husband’s ability to pay also must be taken into consideration. Fortier v. Gelpi, 195 La. 449, 197 So. 138; Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Smith v. Smith, 217 La. 646, 47 So.2d 32; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Brown v. Harris, 225 La. 320, 72 So.2d 746; Harris v. Harris, La.App. 3 Cir., 127 So.2d 747 (Cert. denied). See also, Simon v. Simon, La.App. 3 Cir., 127 So.2d 769; Howell v. Howell, 229 La. 310, 85 So.2d 885.
*664 In Brown v. Harris, supra, the evidence showed that the divorced wife was employed at a salary of $150.00 per month, and that she had savings in a building and loan association of $6,600.00 from which she received dividends amounting to $16.50 per month. The district court, after considering those facts, rendered judgment awarding the wife alimony in the sum of $30.00 per month. The Supreme Court reversed that decision, however, holding that the wife was not entitled to alimony because she “had sufficient means for her maintenance.” (72 So.2d 746, 747.)
In Howell v. Howell, supra, a judgment of the district court awarding alimony to the wife was reversed by the Supreme Court, because the wife had an income of between $4,200.00 and $4,700.00 per year, and although she owed substantial debts, the court found that she had sufficient means for her own maintenance.
Counsel for appellee relies heavily on the case of Loe v. Loe, La.App. 2 Cir., 131 So.2d 106. In that case the Second Circuit Court of Appeal affirmed an award of alimony to the divorced wife in the amount of $100.00 per month, although the wife received a net salary of $216.00 per month and owned assets amounting to approximately $5,000.00. After considering the evidence, however, the court specifically found that her earnings were not sufficient for her support, and under those findings we think the court correctly allowed her an additional sum as alimony.
In this case, according to Mrs. Capuder’s own testimony, her earnings are more than sufficient for her own maintenance. Under the established jurisprudence, therefore, we conclude that Mr. Capuder is entitled to be relieved of the payment of alimony for her support as long as those circumstances exist, and that the trial court erred in refusing to grant appellant that relief.
Mrs. Capuder testified that it is necessary for her to incur expenses amounting to $361.00 per month for the support of the three minor children, and on the basis of that testimony, she contends that the original award of support for the children should be increased.
The trial judge rejected her demands that the award for the support of the children be increased, but since no written reasons for judgment were assigned, we are unable to determine whether he concluded that the additional award was not necessary or that Mr. Capuder did not have sufficient means with which to pay it. We agree with appellant that Mrs. Capuder’s estimate of the expenses which she claims are necessary for the support of the children is somewhat exaggerated, but we are convinced also that the amount heretofore awarded for their support is not adequate. In our opinion, the award to appellee for the support of the children should be increased to the sum of $75.00 per month for each child, or a total of $225.00.
Considering all of the facts, we feel that the appellant should continue to make the payments heretofore ordered until January 1, 1963, and that the change herein decreed should become effective from and after that date.
Finally, the appellee urges that she is entitled to a reasonable allowance as attorney’s fees, particularly because of the added legal expense necessitated by these proceedings and by this appeal, and that these fees should be taxed as costs under the provisions, of Article 5096 of the LSA-Code of Civil Procedure. The evidence shows that Mrs. Capuder was absent from the State of Louisiana at the time the rule nisi was issued on September 20, 1961, and accordingly, an attorney at law was appointed to represent her in this proceeding. Later, however, she employed the same attorney as her counsel and she has paid him a sum of money as his fee. She and her counsel contend that the amount which she paid was inadequate and that she is not financially able to pay any more. *665 In our opinion, attorney’s fees may not be allowed and taxed as costs under the provisions of LSA-C.C.P. Article 5096 if the attorney is retained as counsel for the defendant subsequent to his appointment to represent her. For that reason we feel that Mrs. Capuder’s demand that she be allowed attorney’s fees and that they be taxed as costs must be rejected.
In view of the provisions of LSA-C.C.P. Article 1920, we find no error in the action of the trial court in assessing all costs of these proceedings to the appellant, Albert L. Capuder.
For the reasons herein set out, therefore, the judgment appealed from is amended to conform to the views herein expressed. We have decided to recast that judgment to read as follows :
It is ORDERED, ADJUDGED and DECREED that the rule issued herein on September 20, 1961, is hereby made absolute, and accordingly that, effective January 1, 1963, and continuing thereafter until further orders of the District Court, appellant, Albert L. Capuder, is relieved from the payment of the sum of $100.00 per month as alimony for appellee, Louise Misko, for her support and maintenance.
It is further ORDERED, ADJUDGED and DECREED that the rule issued herein on March 21, 1962, is hereby made absolute and accordingly that, effective January 1, 1963, and continuing thereafter until further orders of the District Court, appellant, Albert L. Capuder, is condemned to pay to appellee, Louise Misko, the sum of $225.00 per month, payable on the first day of each month, for the support and maintenance of the three minor children of the marriage.
It is further ORDERED, ADJUDGED and DECREED that the alimony and support heretofore decreed by the District Court shall continue to be due and payable until January 1, 1963, that the demands of appellee, Louise Misko, for attorney’s fees are hereby rejected, and that appellant, Albert L. Capuder, is condemned to pay all costs of these proceedings, including the costs of this appeal.
The judgment, as herein amended and recast, is affirmed.
Amended and affirmed.