BYRNES, Judge.
The Department of Transportation and Development appeals a judgment granting costs and attorney fees in a rule to compel payment of attorney fees due under C.C.P. Art. 5096.
The appellee in this action, John P. Co-sentino, was appointed as attorney to represent an estate in a condemnation action. The estate retained private counsel and ap-pellee was dismissed from the case on September 11, 1984. He immediately sought payment for the services he had rendered. There was no dispute between the parties as to the reasonableness of his fee. However, after a series of correspondence produced no payment, appellee filed a rule to compel on April 16, 1985. Payment was issued on April 17, 1985, seven months after it was first requested. Because the state refused to pay the additional costs incurred in filing his rule to compel, appel-lee continued to pursue this remedy.
The rule was heard on May 24, 1985. After hearing the evidence, the judge found that the State was dilatory in making payment and concluded that the cost of appellee’s rule to compel payment should be included in his compensation under C.C.P. Art. 5096. We affirm this decision.
In pertinent part, Art. 5096 provides: The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court. C.C.P. Art. 5096.
The sole issue before us is whether the trial court abused its discretion by allowing the recovery of attorney fees and costs incurred in bringing the rule to compel payment. Under Art. 5096 the attorney is allowed to collect the reasonable cost of his professional services. Cockrell v. Moran Corp., 18 So.2d 174, 180 (La.1944). When the reasonableness of the fee is disputed, the time spent in resolving the issue has been treated as a part of the attorney’s professional services and taxed as costs under C.C.P. Art. 5096. Light v. Crowson Well Service, Inc., 313 So.2d 803, 809 (La. 1975); Grande Corp. v. McDonald, 214 So.2d 808, 809 (La.App. 3rd Cir.1968). In our opinion, the same result should be reached when the payment of the fee is unreasonably delayed — costs incurred in collecting that fee should be treated as part of the attorney’s professional services.
In the instant case, the trial court concluded that the appellant’s repeated postponement of payment was dilatory behavior and that a rule to compel was justified as appellee’s only means of collecting his fee. Our review of the record does not convince us that the trial judge erred in reaching this conclusion. When a party has been dilatory in meeting its obligation to pay for the services of an attorney which it caused to be appointed, the cost of filing and prosecuting a rule to compel payment should be treated as part of the profession *590 al services rendered, and is collectable under C.C.P. Art. 5096.
For the foregoing reasons, the decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.