699 So.2d 361 (1997)
In re Endesha JUAKALI.
No. 97-B-1460.
Supreme Court of Louisiana.
September 5, 1997.
PER CURIAM.[*]
On July 19, 1995, respondent, an attorney licensed to practice law in the State of Louisiana, was charged by disciplinary counsel with four counts of formal charges. The charges alleged respondent committed a criminal act, collected unauthorized fees, had direct contact with a party without authorization from the party's attorney, delayed the resolution of a case, and failed to cooperate in the investigation of disciplinary matters, in violation of Rules 3.2(a), 4.2, 8.1(c) and 8.4(a), (b), (d), (g) of the Rules of Professional Conduct.
The underlying facts indicate that the first count arose from an incident which occurred on or about May 19, 1995, in which respondent intentionally struck Vincent Sylvain in the head with a coffee cup. The incident occurred in the Housing Authority of New Orleans parking lot shortly after a Housing Authority board meeting. Ike Spears, chairman of the board of the Housing Authority, testified that a dispute arose at the meeting, and respondent was escorted out of the meeting by the security guard. After the meeting, Mr. Spears was in the parking lot talking to Mr. Sylvain when respondent approached. A scuffle ensued, at which time respondent hit Mr. Sylvain with a coffee cup, causing a laceration under one of his eyes that required stitches. However, respondent presented testimony from two eyewitnesses to the scuffle who indicated that Mr. Sylvain pushed respondent first, and that respondent threw the cup in an attempt to defend himself.
*362 The other count arose from respondent's appointment as curator for Mrs. Cynthia L. Broughton, the absent defendant in Nelson M. Broughton v. Cynthia L. Broughton, a domestic relations case in Civil District Court. Mr. Broughton was proceeding pro se, and his petition was filed in forma pauperis. Without court approval, respondent charged and collected from Mr. Broughton $400 in legal fees in connection with his representation of Mrs. Broughton. Although collecting such a fee directly from the party and without court approval appears to be clearly in violation of La.Code Civ.P. art. 5096[1] and Civil District Court Rule 5 § 4,[2] respondent contended that he was unaware of the procedure for curatorships. He stated that he contacted a civil sheriff, who informed him that he could charge any fee he wanted.
Subsequently, Mr. Broughton retained counsel. However, respondent continued to contact him directly, without permission of his attorney, in an attempt to collect fees.[3] Further evidence was presented indicating that Mr. Broughton's attempted to contact respondent in order resolve the divorce action, but was unable to do so. As a result, Mr. Broughton's divorce was unnecessarily delayed.
The remaining counts involve respondent's failure to cooperate in the investigation conducted by disciplinary counsel. On May 30, 1995, disciplinary counsel sent respondent two letters by certified mail, return receipt requested. One letter contained a copy of the newspaper article about the incident involving Mr. Sylvain and requested that respondent provide disciplinary counsel with a reply within fifteen days. The second letter contained a copy of Mr. Broughton's complaint and likewise requested a reply within fifteen days. Respondent received both letters on May 31, 1995, but failed to submit a reply within the fifteen day limit. Respondent did submit an untimely response on September 10, 1995.
After the filing of formal charges, respondent filed an answer, denying all counts and asserting an unnamed affirmative defense. A formal hearing was held, at which respondent represented himself at the hearing and testified.[4]
As to the Sylvain matter, the hearing committee concluded the disciplinary counsel failed to prove by clear and convincing evidence that respondent committed a crime in violation of Rule 8.4(b) by clear and convincing *363 evidence.[5] Because no criminal charges were filed against the respondent, and the evidence shows that Mr. Sylvain had apparently pushed respondent in the chest after an exchange of words, the committee found respondent was attempting to protect himself from harm rather than committing a criminal act.
As to the Broughton matter, the committee found respondent improperly charged Mr. Broughton fees for representing Mrs. Broughton and that respondent had direct contact with Mr. Broughton after he had retained his own counsel. Furthermore, the committee agreed that respondent unnecessarily delayed resolution of the divorce. The committee concluded that respondent had violated Rules 3.2, 4.2, and 8.4(a) and (d) of the Rules of Professional Conduct.
On the remaining counts involving failure to cooperate, the committee agreed that respondent failed to respond timely to the disciplinary counsel's letter and therefore violated Rules 8.1(c), 8.4(g), and Rule XIX, § 9(c). It also noted respondent had been admonished on three other occasions for similar violations within the past 18 months.[6]
As a sanction, the committee recommended that respondent be suspended from the practice of law for six months, noting it was "struck" by respondent's admitted ignorance of the law regarding curator fees, and his lack of concern regarding disciplinary action.
The board modified the sanction recommended by the hearing committee, noting that it felt respondent would make a good candidate for probation and that respondent was receptive to the idea of probation. Accordingly, it recommended that respondent be suspended from the practice of law for one year, six months to be deferred, followed by a probationary period of two years, subject to certain conditions.
Upon review of the record of the disciplinary board's findings and recommendations, and the record filed herein, we find respondent has violated Rules 3.2, 4.2, 8.1(c) and 8.4(a), (d), (g) of the Rules of Professional Conduct. It is the decision of the court that the disciplinary board's recommendations be adopted.
Accordingly, it is ordered that respondent be suspended for a period of one year, six months deferred, followed by a two year period of probation subject to the following conditions:
1. A probation/practice monitor shall be appointed by Disciplinary Counsel within one (1) month from the date Respondent's suspension is completed to review Respondent's office procedures and practices, with particular emphasis on matters in which Respondent is inexperienced, including fee schedules and collection of such fees regarding those matters;
2. Respondent shall stay current with all MCLE requirements, bar dues and disciplinary assessments; and
3. Should Respondent fail to comply with any of the terms of this probation, Disciplinary Counsel shall move for an immediate revocation of Respondent's probation and institution of the previously deferred six (6) months suspension. Disciplinary Counsel's motion to revoke probation shall be filed directly with the Disciplinary Board for summary consideration by whatever procedure the Board deems appropriate.
It is further ordered that all costs of these disciplinary proceedings are assessed to respondent.
VICTORY, J., not on panel.
TRAYLOR, J., dissents.
NOTES
[*] Victory, J., not on panel. Rule IV, Part 2, § 3.
[1] La.Code Civ.P. art. 5096, in the chapter entitled "attorney appointed to represent unrepresented defendants," provides:

Art. 5096. Compensation
The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.
The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney.
If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.
[2] Civil District Court Rule 5, § 4 provides:

Unless otherwise ordered by a judge, the party seeking the appointment of an attorney for an absent defendant shall deposit with the Clerk of Court, at the time of the appointment, the sum of $350.00, as security for the payment of the curator's fee and out of pocket expenses.
An attorney seeking such an appointment is deemed to personally guarantee payment of such fees and expenses. However, this section shall not apply to parties proceeding in forma pauperis.
[3] Mr. Broughton retained counsel on October 27, 1994. However, respondent and/or his office continued to demand and collect fees from Mr. Broughton as follows: $200.00 on November 4, 1994 and $200.00 on March 29, 1995. In May of 1995 respondent and/or his office, demanded another $350.00 in fees from Mr. Broughton.

Disciplinary counsel presented evidence in the form of Mr. Broughton's checking records, which indicated the payments he made to respondent over the course of respondent's representation on behalf of Mrs. Broughton.
[4] The committee noted that the hearing began under protest by respondent, due to the fact that counsel for the respondent recused himself approximately one week prior to the hearing. Respondent was unable to retain separate counsel within that time, so he appeared at the hearing to represent himself. Although respondent objected to having to represent himself, he indicated he was ready and willing to proceed with his own defense. Respondent failed to seek a continuance.
[5] Rule 8.4(b) provides:

It is professional misconduct for a lawyer to: (b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.
[6] In 94-ADB-012, 94-ADB-102, and 94-ADB-103, respondent was admonished for failure to cooperate with disciplinary counsel in an investigation. He was also Supreme Court ineligible from June 3, 1993 to March 16, 1994 for non-payment of the disciplinary assessment, and bar dues ineligible for periods in 1993, 1994, 1995, and 1996.