DISCIPLINARY PROCEEDINGS
JiPER CURIAM.*
This disciplinary proceeding arises from a motion to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against the respondent, Endesha Juakali, an attorney licensed to practice law in the State of Louisiana.
On September 5, 1997, this court suspended respondent for a period of one year, with six months deferred, followed by a two year period of probation subject to certain conditions. In re: Juakali, 97-1460 (La.9/5/97); 699 So.2d 361.[1] On March 31, 1998, the ODC filed a motion to revoke probation upon receiving a letter from the respondent’s probation monitor, Lindsey Ladouceur, advising the respondent violated the terms of his probation.
On March 22, 1998, the disciplinary board conducted a hearing on the probation revocation and, despite receiving notice, the respondent failed to file a response or appear. The only |2person to testify was Ms. Ladouceur, *721 who stated she last spoke to respondent by telephone on December 10, 1997. She claimed respondent alleged he had withdrawn from representation of all his criminal clients, as well as turned over his civil matters to another law firm. When she requested proof of such, the respondent agreed to comply. Moreover, Ms. Ladouceur testified they agreed to meet in early March 1998 to formulate a probation plan and make arrangements for the resumption of his law practice. Although she confirmed their conversation with follow-up correspondence, respondent never adhered with the request. Ms. Ladouceur also testified to her attempts to contact the respondent by telephone and mail. Finally, she maintained she contacted the Louisiana State Bar Association and discovered respondent had failed to satisfy his 1997 and 1998 financial obligations, as well as failed to complete his 1997 mandatory continuing legal education.
On July 10,1998, the board filed its recommendation finding the respondent violated the terms of his probation by failing to cooperate with his probation monitor and failing to stay current with his bar obligations. Based on such, the board recommended respondent’s probation be revoked and he serve the remaining six months of his suspension, as well as be assessed with proceeding costs.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that the probationary status of the respondent, Endesha Juakali, be revoked, and that he serve the remaining six months of his suspension. It is further ordered all costs of these proceedings in the amount of $811.90 are assessed to respondent.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

.The respondent's suspension arose from the ODC’s filing of formal charges alleging four counts of professional misconduct for committing a criminal act, collecting unauthorized fees, contacting opposing party represented by counsel, delaying the resolution of a case and failing to cooperate in the disciplinary investigation. In addition to the imposition of the suspension, this court imposed the following conditions to the two year probationary period:
1. A probation/practice monitor shall be appointed by Disciplinary Counsel within one (1) month from the date Respondent's suspension is completed to review Respondent's office procedures and practices, with particular emphasis on matters in which Respondent is inexperienced, including fee schedules and collection of such fees regarding those matters;
2. Respondent shall stay current with all MCLE requirements, bar dues and disciplinary assessments; and
3. Should Respondent fail to comply with any of the terms of this probation, Disciplinary Counsel shall move for an immediate revocation of Respondent’s probation and institution of the previously deferred six (6) months suspension. Disciplinary Counsel's motion to revoke probation shall be filed directly with the Disciplinary Board for summary consideration by whatever procedure the Board deems appropriate.