*308 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Endesha Juakali, an attorney licensed to practice law in Louisiana, but currently suspended.
PRIOR DISCIPLINARY HISTORY
Before addressing the instant charges, we find it helpful to review respondent’s prior disciplinary history. In 1995, respondent was charged with collecting unauthorized legal fees in connection with his appointment as a curator in a domestic relations case, contacting an opposing party who was represented by counsel, delaying the resolution of the case, and faffing to cooperate with the ODC. Finding the ODC proved this misconduct by clear and convincing evidence, we suspended respondent for one year, with six months deferred, followed by a two-year period of probation with conditions. In re: Juakali, 97-1460 (La.9/5/97), 699 So.2d 361 (“Jua-kali I”).
Following Juakali I, the ODC learned that respondent had violated the terms of his probation, and filed a motion to revoke probation. This court granted the ODC’s motion in July 1998 and ordered respondent to serve the deferred portion of the suspension imposed in Juakali I. In re: Juakali, 98-1855 (La.7/16/98), 714 So.2d 720 (“Juakali II ”).
| .FORMAL CHARGES
Count I — The Jones Matter
In July 1997, Hilda Jones retained respondent to represent her son in a criminal matter. Over a two-month period beginning on July 3, 1997, Ms. Jones paid respondent a total of $1,300 to handle the case. Respondent accepted the last payment from Ms. Jones on September 5, 1997, the same day he was suspended from the practice of law by this court in Juakali I. Respondent failed to notify Ms. Jones of his suspension. Respondent also did not provide an accounting to Ms. Jones, nor did he refund the unearned portion of the legal fee he was paid.
*309 In September 1997, Ms. Jones filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
Count II — The Boss Matter
In March 1997, Ella Boss paid respondent $300 to handle a succession matter on behalf of her daughter, a minor. Respondent failed to communicate with his client, despite her attempts to reach him by telephone and in person,.and he did not complete the succession matter. Respondent also did not provide an accounting to Ms. Boss, nor did he refund the unearned portion of the legal fee he was paid.
In December 1997, Ms. Boss filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
| -¿Count III — The Rose Matter
In July 1997, Patsy Rose retained respondent to represent her son in a criminal matter. Ms. Rose paid respondent $500 on July 21, 1997, and an additional sum of $500 on August 11, 1997. When respondent failed to appear in court on his client’s behalf on August 22, 1997, Ms. Rose attempted to contact him several times, but to no avail. Ms. Rose was later contacted by respondent’s paralegal about making another payment of legal fees. Ms. Rose paid respondent $300 on August 26, 1997, but on September 10, 1997, respondent again failed to make a court appearance on behalf of his client. Respondent subsequently advised Ms. Rose that he could not represent her son, but that he had referred the case to another attorney. Nevertheless, respondent did not provide an accounting to Ms. Rose, nor did he refund the unearned portion of the legal fee he was paid.
Count TV — The Williams Matter
In September 1998, Daisy Williams paid respondent $135 to handle a custody matter. Respondent was suspended from the practice of law during this period as a result of the revocation of his probation in Juakali II; however, Ms. Williams was unaware of this fact.[1] When Ms. Williams sought a refund of the legal fee she paid, respondent refused her request.[2]
|4In January 1999, Ms. Williams filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
DISCIPLINARY PROCEEDINGS
On April 20, 2000, the ODC filed four counts of formal charges against respondent, alleging his conduct violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to account for and refund an unearned fee), 1.16(d) (termination of the representation), 5.5 (engaging in the unauthorized practice of law), and 8.4(g) (failure to cooperate with the ODC in its investigation). The ODC further alleged that respondent failed to respond to a lawful de *310 mand for information from a disciplinary-authority, in violation of Supreme Court Rule XIX, § 9(c).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), the hearing committee agreed that respondent violated the Rules of Professional Conduct as | ¡¡charged. After consideration of the ODC’s submission in response to the deemed admitted order,[3] the committee concluded that respondent’s conduct was intentional and caused injury to his clients. The committee recognized the baseline sanction for the misconduct at issue is disbarment. The committee recognized no mitigating factors, but determined numerous aggravating factors are present, namely respondent’s prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding, submission of false statements and other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1985), and indifference to making restitution. Under these circumstances, the committee recommended that respondent be disbarred. The committee also recommended that respondent be ordered to pay restitution to Ms. Jones, Ms. Boss, Ms. Rose, and Ms. Williams.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board determined respondent violated duties owed to his clients and as a professional. The board further determined that respondent’s conduct was intentional and caused actual harm. The baseline sanction for this conduct is disbarment. The board concurred in the aggravating factors cited by the committee, and agreed the record does not support a finding of any mitigating factors.
|fiIn light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board concluded that disbarment is the appropriate sanction. The board also recommended respondent be ordered to make restitution to his clients, and that he be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent has neglected legal matters, failed to communicate with his clients, failed to account for or refund unearned fees, and failed to cooperate with the ODC in its investigation. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
*311 In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct includes a pattern of neglect of legal matters, failure to communicate with clients, and failure to account for his fees. Respondent has demonstrated a serious lack of concern for the welfare of his clients. Additionally, [7respondent has repeatedly failed to cooperate with the disciplinary authorities. The baseline sanction for such misconduct ranges from a lengthy suspension to disbarment.
Numerous aggravating factors are present, including respondent’s prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding, submission of false statements and other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. We are able to discern no mitigating factors from the record.
The record demonstrates in a convincing fashion that respondent lacks concern for the welfare of his clients and shows a total disregard for his professional obligations. He lacks the fitness to practice law in this state. Under these circumstances, he must be disbarred.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Endesha Juakali, Louisiana Bar Roll number 16994, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent render a full accounting to Hilda Jones, Ella Boss, Patsy Rose, and Daisy Williams and that he refund any unearned fees due those clients. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In a sworn statement given in connection with the ODC's investigation, respondent testified that he advised Ms. Williams from the beginning that he was unable to practice law and was acting solely as a notary. However, in a letter to the ODC, Ms. Williams alleged that she did not learn respondent was suspended until after she paid him the $135 fee.

. Respondent claimed that he earned the fee in his capacity as a notary by preparing an affidavit in an for Ms. Williams and by researching court records. However, we note that because respondent was suspended from the practice of law during this period, he was also prohibited from exercising notarial functions pursuant to La. R.S. 35:14.

. Respondent filed nothing for the hearing committee's consideration.