# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1749


**ROBERT W. LOVETT, JR., AS ADMINISTRATOR OF THE ESTATE OF ROBERT W. LOVETT**

**VERSUS**

**STAR WHEAT BROWN, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 02-5596
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLIE COLOMBARO WOODARD
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billie Colombaro Woodard, and Marc T. Amy, Judges.

**REVERSED AND RENDERED.**

Richard D. Moreno
Wright & Moreno, L.L.C.
Post Office Box 1416
Lake Charles, Louisiana 70602
(337) 439-6930
COUNSEL FOR APPELLANT AND DEFENDANT:
    Attorney *Ad Hoc*, in Proper Person
    William Coulter

Burlyne Van Dyke
Van Dyke–Dowers Law Firm
1302 Common Street
Lake Charles, Louisiana 70601
(337) 439-6930
COUNSEL FOR PLAINTIFF/APPELLEE:
    Robert W. Lovett, Jr., as Administrator of the estate of Robert W. Lovett

Starr Wheat Brown
781 Jordan Deville Road
Longville, Louisiana 70652
(337) 725-4405
IN PROPER PERSON:
     Starr Wheat Brown

Starr Wheat Brown
781 Jordan Deville Road
Longville, Louisiana 70652
(337) 725-4405
IN PROPER PERSON:
     Starr Wheat Brown

WOODARD, Judge.

On appeal, we consider whether it was proper for the trial court to deny Richard D. Moreno, the Defendant's Attorney *Ad Hoc*, a reasonable fee for serving in that capacity because the Defendant later retained him to serve as his private counsel. We reverse.

* * * * *

On November 12, 2002, Robert W. Lovett, Jr., as Administrator of the succession of Robert W. Lovett (Decedent), filed a petition to include, in the succession, certain assets that the Defendants, Star Wheat Brown and William Lamar Coulter, allegedly removed from the Decedent's estate. Specifically, Mr. Lovett claimed that Mr. Coulter withdrew $56,160.96 (represented by five (5) certificates of deposit on which the Decedent and Mr. Coulter were co-payees) from Whitney National Bank sometime before or after the Decedent's death.

On April 30, 2003, Mr. Lovett filed a "Motion and Order to Appoint Curator" due to his inability to serve Mr. Coulter, an absentee and nonresident of Louisiana, via Louisiana's Long Arm Statute.[1] The trial court granted this motion and appointed Richard D. Moreno to serve as Attorney *Ad Hoc* for Mr. Coulter.

On May 6, 2003, Mr. Moreno was served on Mr. Coulter's behalf. Immediately thereafter, he tried to locate Mr. Coulter by purchasing newspaper advertisements, employing a private investigator to search computer databases, and mailing copies of the petition and citation to his last known address.

On approximately May 16, 2003, after receiving the copy of the petition and citation that Mr. Moreno had mailed, Mr. Coulter contacted him to discuss this suit.

Subsequently, on June 9, 2003, he hired Mr. Moreno and the law firm of Wright & Moreno, L.L.C. to defend him in this action.

On August 12, 2003, Mr. Moreno filed a motion to withdraw, as Attorney *Ad Hoc*, in which he notified the trial court and opposing counsel that Mr. Coulter had hired him and his law firm as regular counsel in this matter. He also requested that the trial court set and tax as court costs the reasonable fee owed to him, under La.Code

---

[1]*See* La.R.S. 13:3201; *See also* La.R.S. 13:3204.

1

Civ.P. art. 5096, for the services he provided while acting as Attorney *Ad Hoc* for Mr. Coulter.

On September 25, 2003, the trial court signed an order, granting Mr. Moreno leave to withdraw as Attorney *Ad Hoc* for Mr. Coulter. However, it denied his request for compensation for serving as Attorney *Ad Hoc*, noting that its decision to withhold payment was based on this court's reasoning in *Misko v. Capuder*.[2] In *Misko*, this court opined that a trial court cannot allow the attorney *ad hoc* to receive the reasonable fee, which Article 5096 mandates, when the absent defendant represented by the attorney *ad hoc* subsequently hires the attorney *ad hoc* to serve as his/her private counsel.[3]

On appeal, Mr. Moreno asserts that: (1) the trial court abused its discretion when it denied him reasonable compensation under Article 5096 for the work he performed as Attorney *Ad Hoc* before the Defendant retained him; (2) *Misko* is contrary to prior jurisprudence and the plain language of Article 5096; (3) this court should determine, on the record and without remand, the reasonable amount that the Plaintiff owes him, which the trial court should have taxed as costs of court, for the services he provided as Attorney *Ad Hoc*; and (4) he is entitled to an increase in attorney fees for the work done on this appeal.

\* \* \* \* \*

**THE ATTORNEY *AD HOC***

The Louisiana Code of Civil Procedure Article 5091 provides, in part:

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

---

[2] 147 So.2d 661 (La.App. 3 Cir. 1962).

[3] *Id.*

2

. . . .

  B. All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him. . . .

  C. The improper designation of the attorney appointed by the court to represent such a defendant as curator ad hoc, tutor ad hoc, special tutor, or any other title, does not affect the validity of the proceeding.

The attorney *ad hoc* must use reasonable diligence to communicate with the nonresident or absent defendant and inform him/her of the pendency and nature of the action or proceeding and of the time available for filing an answer or asserting a defense.[4]

  Furthermore, La.Code Civ.P. art. 5095 provides:

  The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.

  Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.

Comment (a) to Article 5095 further explains that the attorney *ad hoc*'s sole function is to defend the pending action or proceeding, and, as such, s/he does not have the authority to force the defendant to become the actor by filing a separate suit in the defendant's name, by calling a third party defendant, or by reconvening.

  In *Johnson v. Jones*, our supreme court identified the source of authority granted to the attorney *ad hoc*:

  A [attorney] *ad hoc* is appointed for a particular purpose under express statutory authority. His powers are strictly limited to those conferred by law, and cannot be extended to the performance of any other acts than such as tend to the defense of the rights and the protection of the interests of the absentee whom he represents.

---

[4]La.Code Civ.P. art. 5094.

. . . The [attorney] *ad hoc* is not the attorney of the defendant. He has no mission nor authority derived from [the defendant]. He represents [the defendant] only by virtue of his appointment by the judge of the district court under the authority conferred upon him by law. His compensation is due him as [attorney] *ad hoc*, and not as counsel, of the absent defendant.[5]

(Emphasis added.) Accordingly, the supreme court acknowledged that the duties imposed upon the attorney *ad hoc* are statutory in nature; thus, s/he does not derive authority from or owe duties to the absent defendant except those which the statute imposes.[6] If, however, the absent defendant ultimately retains the attorney *ad hoc* as his/her private counsel, the attorney *ad hoc*'s statutory authority and duties cease.[7]

*The Attorney Ad Hoc's Reasonable Fee*

In response to Plaintiff's "Motion and Order to Appoint Curator" in this matter, the trial court appointed Mr. Moreno to serve as Mr. Coulter's attorney. In fulfillment of his duties as Attorney *Ad Hoc*, Mr. Moreno found Mr. Coulter and informed him of the suit brought against him, however, the trial court denied his request for compensation for serving in that capacity. Mr. Moreno asserts that this decision was incorrect. We agree.

Louisiana Code of Civil Procedure Article 5096 provides, in part:

The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.

The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney.

If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.

---

[5]170 LA. 760, 129 So. 155, 156 (La.1930) (citations omitted).

[6]*Id.*

[7]*See Tarver v. Allaun*, 47 So.2d 440 (La.App. 2 Cir. 1950).

(Emphasis added.)  The first paragraph of Article 5096 is clear and unambiguous. Therefore, we must apply it as written unless that application leads to absurd consequences.[8]  In *ABL Management, Inc. v. Board of Supervisors*, our supreme court further explained:

> It is well established that when a statute is clear and free of ambiguity, it must be given effect as written.  Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. When interpreting a statute, the court should give it the meaning the Legislature intended. . . .  The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. A statute's meaning and intent is determined after consideration of the entire statute and all other statutes on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in its enactment of the statute. Where it is possible, the courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions. . . . A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the statute and will carry out the Legislature's intention.  Ultimately, it is clear that the law provides that the statute be accorded a fair and genuine construction.  A reasonable construction in light of the statute's purpose is what is required.[9]

Also, we should avoid interpreting statutes in a manner that will lead to harsh or unjust results.[10]

According to the clear language of Article 5096, the payment of a "reasonable fee" to court appointed attorneys for their services is mandatory.  That language, providing for a "reasonable fee," has no qualifications or limitations except those inherent in the determination of reasonableness.  Thus, nothing in Article 5096 or any other provision prohibits an attorney *ad hoc*, who an absent defendant subsequently retains, from being compensated for fulfilling his attorney *ad hoc* duties.

---

[8]*See ABL Mgmt., Inc. v. Bd. of Supervisors*, 00-798 (La. 11/28/00), 773 So.2d 131.

[9]*Id.* at 135 (citations omitted).

[10]*See Guste ex rel. Courville v. Burris*, 427 So.2d 1178 (La.1983).

Therefore, we must apply Article 5096 as written and award Mr. Moreno a reasonable amount for his service as Attorney *Ad Hoc*, as this interpretation will not lead to harsh, unjust, or absurd consequences.

Nevertheless, we are mindful of this court's seemingly contrary decision in *Misko*. Specifically, the *Misko* court stated:

> [Mrs. Capuder] urges that she is entitled to a reasonable allowance as attorney's fees, particularly because of the added legal expense necessitated by these proceedings and by this appeal, and that these fees should be taxed as costs under the provisions, of [Article 5096]. The evidence shows that Mrs. Capuder was absent from the State of Louisiana at the time the rule nisi was issued on September 20, 1961, and accordingly, an attorney at law was appointed to represent her in this proceeding. Later, however, she employed the same attorney as her counsel and she has paid him a sum of money as his fee. She and her counsel contend that the amount which she paid was inadequate and that she is not financially able to pay any more.
>
> In our opinion, attorney's fees may not be allowed and taxed as costs under the provisions of [Article 5096] if the attorney is retained as counsel for the defendant subsequent to his appointment to represent her. For that reason we feel that Mrs. Capuder's demand that she be allowed attorney's fees and that they be taxed as costs must be rejected.[11]

This conclusion is contrary to Article 5096's clear mandate and leads to an unjust result. Later, this court correctly noted in *State in Interest of HLD v. CDM* that "ordering attorneys to serve without compensation is hardly practical, especially considering modern economic conditions."[12]

Furthermore, our supreme court, in *In re Juakali*,[13] held that an attorney's attempt to collect attorney *ad hoc* fees directly from the located defendant without court application or approval was actually an attempt to collect unauthorized fees and clearly violated Article 5096's mandate that this fee "be taxed as costs of court." In fact, any steps taken by the attorney *ad hoc* to circumvent the court's mandatory

---

[11]147 So.2d at 664-65.

[12]*State in Interest of HLD v. CDM*, 563 So.2d 360, 368 (La.App. 3 Cir. 1990).

[13]*Id.*

involvement in setting this fee could result in the disciplinary counsel bringing formal charges against the attorney *ad hoc*.[14]

For the reasons cited above, we hold that Mr. Moreno should receive a reasonable fee that "shall be paid by the plaintiff, but shall be taxed as costs of court" for the work he performed on behalf of Mr. Coulter as Attorney *Ad Hoc*.[15]

## CONCLUSION

We set aside the trial court's judgment and award Mr. Moreno $1,790.84 for serving as Attorney *Ad Hoc* and $1,500.00 for his work on appeal to secure his Attorney *Ad Hoc* fee.[16] The Plaintiff, Mr. Lovett, in his capacity as Administrator, must pay these amounts, which we tax as costs of court.[17] We further assess all costs of this appeal to the Plaintiff.

**REVERSED AND RENDERED.**

---

[14]*Id.*

[15]La.Code Civ.P. art. 5096.

[16]*See Light v. Crowson Well Serv., Inc.*, 313 So.2d 803 (La.1975).

[17]*See* La.Code Civ.P. art. 5096; *See also State of La., Dep't of Transp. & Dev. v. Falcone*, 487 So.2d 588 (La.App. 4 Cir. 1986).