ROBERT A. CHAISSON, Judge.
| .¿This is an appeal by the Louisiana Department of Children and Family Services (DCFS) from a judgment ordering it to pay the fees of a duly appointed curator in a voluntary surrender proceeding. For the following reasons, we affirm the judgment and award an additional $750.00 in attorney fees for work performed on this appeal.
FACTS AND PROCEDURAL HISTORY
The pertinent facts are that DCFS had been conducting a child in need of care proceeding bearing No. 10-CC-98 “A” in the Juvenile Court of Jefferson Parish. While that proceeding was ongoing, the child’s mother executed a voluntary surrender of parental rights form. At that point, DCFS filed in the juvenile court a “Motion and Order to File Mother’s Act of Surrender, Notify Non-Surrendering Father and Set Review.” A new case number was given to this proceeding, ie., 11-PP-06 “A.” In its motion, DCFS requested that a curator be appointed for the absent father pursuant to La.Ch.C. art. 1136. In response, the Rcourt appointed attorney Cynthia Samuel. In addition, DCFS instituted a third proceeding, No. ll-TP-17 “A,” to terminate the parental rights of the father.[1]
Ms. Samuel could not locate the father and filed with the clerk of court her affidavit with supporting documentation under case No. ll-PP-06 “A.” She then sought payment of her curator’s fee and related expenses from DCFS. DCFS refused to pay, and referred her to the Jefferson Parish Public Defenders Office. That latter office also declined to pay the curator’s fee. Ms. Samuel then urged a motion in the juvenile court seeking payment of the fee from DCFS. She also sought additional attorney fees for the time spent in pursuing payment of the original curator’s fee. *1123 After a hearing, the juvenile court judge ordered DCFS to pay the curator’s fee, as well as the additional attorney fees incurred for litigating the issue of payment of the fee. This appeal followed.
LAW AND ANALYSIS
Article 1136, under which Ms. Samuel was appointed, is applicable when an alleged or adjudicated father’s whereabouts are unknown. In this circumstance, a curator must be appointed upon whom service of the notice of the filing of the surrender shall be made. Thereafter, the curator shall make a diligent effort to locate the father. If the father is located, notice of the surrender is to be given to him by the curator; if the father is not located, the curator shall file an affidavit detailing the efforts made to locate the father, including but not limited to proof of publication seeking his whereabouts. In either case, the curator’s duties do not include any additional representation of the father in the proceedings. ^Furthermore, indigency is of no consequence with regard to the curator’s duties. Additionally, a curator’s duties are strictly limited to those conferred by the law authorizing her appointment, and cannot be extended to matters not within that law. Johnson v. Jones, 170 La. 760, 129 So. 155 (La.1930).
As a general rule, the plaintiff is liable for the costs of a curator. Pursuant to La. C.C P. art. 5096, “the court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but which shall be taxed as costs of court.” The language of the statute is mandatory, ie., “the court shall allow” the attorney a fee. The only discretion permitted to the court is the determination of the reasonableness of the fee. Moreover, where a curator has been forced to litigate payment of a fee, the courts have allowed collection of an additional fee for that work as well. Lovett v. Brown, 2003-1749 (La.App. 3 Cir. 6/30/04), 879 So.2d 406; State, DOTD v. Falcone, 487 So.2d 588 (La.App. 4 Cir.1986). In the present case, we find that the juvenile court properly imposed the curator’s fee, as well as an additional fee for work done to collect that fee, on DCFS, the plaintiff in the litigation.
At the hearing in the juvenile court, DCFS did not contest the reasonableness of the fee sought by the curator. Instead, it only argued that under the statutory regime which went into effect in 2010 regarding payment of attorneys appointed to represent children and indigent parents, all such payments are to be made through the various parish public defenders offices, rather than through DCFS as under the prior statutes. It cites La.Ch.C. arts. 571-575, La. R.S. 15:185.1-185.9, La. R.S. 46:460.21(A)(B) & (G), and Supreme Court General Administrative Rule, Part G, Section 9, as well as a December 18, 2009 Memorandum from Louisiana Supreme Court Chief Justice Catherine Kimball, in support of this proposition.
Un 2007 the Louisiana Legislature found that society has a responsibility to provide legal services to children and indigent parents in “child abuse and neglect cases.” La.Ch.C. art. 571. La.Ch.C. art. 572(1) states:
“Child abuse and neglect case” means a child protection proceeding conducted by a court exercising juvenile jurisdiction involving the abuse or neglect of children as provided specifically in Titles VI and X of the Louisiana Children’s Code.
Similarly, La. R.S. 15:185.1 states as its purpose the representation of children and indigent parents in child abuse and neglect cases, and La. R.S. 15:185.2 defines “child abuse and neglect cases” as those “provid *1124 ed specifically in Titles VI and X” of the Children’s Code. Chief Justice Kimball’s Memorandum concerning the new system of payment addresses “child abuse and neglect” cases, and refers several times to the appointment of attorneys for “indigent parents.” It concludes by stating “please be assured that this new system will be rigorously monitored and held accountable to provide qualified legal representation for these children and their indigent parents.” (emphasis added). Part G, Section 9 of the Louisiana Supreme Court Rules also applies to attorneys “who represent children and their indigent parents in Child in Need of Care and Termination of Parental Rights proceedings ...” (i.e., Titles VI and X of the Children’s Code)(emphasis added). The only statute which might lend support to DCFS’s position is La. R.S. 46:460.21. That statute concerns payment of fees during the period in which the various entities involved were confect-ing a general reorganization of the procedures through which appointed attorneys were to be paid. Although there are references in that statute to curators appointed under La.Ch.C. art. 1136, all of the other statutes relating to the reorganization refer specifically to cases arising under Titles VI and X.
IfiAs pointed out above, La.Ch.C. art. 1136 is found in Title XI. It does not involve an inquiry as to indigence, nor does it require the curator to “represent” the absentee. Johnson v. Jones, supra. It only requires the curator to search for the absentee and, if he is located, notify him of the proceedings against him, and additionally to notify the court of the results of the curator’s efforts. In this Court’s opinion, there is insufficient explicitness in these statutes to evidence a legislative determination that Article 1136 curators be treated differently than as required by C.C.P. art. 5096. We therefore affirm the ruling of the juvenile court that DCFS is liable for payment of the curator fee, as well as the cost of litigation involved in the curator having to litigate her claim. We also find that the curator has had to expend additional effort in defending against this appeal and therefore award her $750.00 in attorney fees for work performed on this appeal.
DCFS argues that there was no determination made as to the reasonableness of the fees sought. As we note above, that issue was not raised in the juvenile court, and therefore it may not be raised for the first time on appeal. Azreme, Corp. v. Esquire Title Corporation, 98-1179 (La.App. 5 Cir. 3/30/99), 731 So.2d 422.
For the foregoing reasons, the decision of the juvenile court is hereby affirmed and appellant is awarded an additional $750.00 in attorney fees for work performed on this appeal.

AFFIRMED; ATTORNEY FEES ON APPEAL AWARDED

. DCFS eventually determined that the father here was neither an “alleged" nor an “adjudicated father" and therefore that its action under Title XI of the Children’s Code, in which Ms. Samuel had been appointed curator, did not lie. Instead it chose to pursue a termination of parental rights proceeding under Title X. Although a minute entry and the judgment in this latter proceeding (No. ll-TP-17 "A”) show Ms. Samuel as curator/attorney for the father, the Order of Appointment shows that Jennifer Womble was appointed as "curator ad hoc and legal representative” for the father. There is no Order of Appointment of Ms. Samuel in this proceeding. Whatever the status of Ms. Samuel in case No. ll-TP-17 “A,” she did not submit a bill for any services that she may have provided in that matter.